**STATE OF NORTH CAROLINA**         **IN THE GENERAL COURT OF JUSTICE**
                                    **SUPERIOR COURT DIVISION**
                                    21 CVS 6053
**COUNTY OF GUILFORD**

TAMMY MCCRAE-COLEY,
Pro Se Plaintiff,

v.                                              **AMENDED COMPLAINT**
                                                (Jury Trial Demanded)
**STARTER HOME PROGRAMS INC.**
Dba RENTTOOWNHOMEFINDER.COM,

**STARTER HOME INVESTING INC.**
Dba RENTTOOWNHOMEFINDER.COM,

**STARTER HOME PROGRAMS INC.**
dba LENDING CLOUD HOMES,

**STARTER HOME INVESTING INC.**
dba LENDING CLOUD HOMES,

**NATIONS INFO CORPORATION**
dba CREDITREVIEW.CO,



**NATIONS INFO CORPORATION**
dba YOURCREDITSCOREANDMORE.COM,

**GET RENT TO OWN CORP.**
dba Yourrent2own.com.

Defendants.

## INTRODUCTION

This action arises out of the Defendants', Starter Home Programs Inc. and Starter Home Investing Inc. both dba Lending Cloud Homes and Renttoownhomefinders.com, Nations Info Corporation dba Creditreview.co and Yourcreditscoreandmore.com, and Get Rent to Own Corp.

dba Yourrent2own.com ("Defendants"), practice of sending autodialed telemarketing text messages to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of two separate provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and provisions of the North Carolina General Statute § 75-100, *et seq* and provisions of the North Carolina General Statute § 66-260, *et seq*.

Plaintiff Tammy McCrae-Coley has never provided the Defendants prior express written consent to send telemarketing text messages to her telephone number.

Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the text messages.

Accordingly, Plaintiff brings this action on behalf of herself under 47 U.S.C. § 227(b) and 227(c), and under N.C. Gen. Stat. § 75-104(a), 75-105(b) and § 66-261(a).

YOU WILL PLEASE TAKE NOTICE that the Plaintiff, TAMMY MCCRAE-COLEY files her Amended Complaint Pursuant to Rule 15 of the North Carolina Rules of Civil Procedure against the Defendants as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter and the Defendants pursuant to N.C.G.S. § 1-75.4(3) and N.C.G.S. § 1-75.4(4) as the acts by the Defendants giving rise to this Complaint occurred in Guilford County, North Carolina including Plaintiff's receipt of Defendants' text messages that form basis of Plaintiff's North Carolina Telephone Solicitation Act (NCTSA) claims.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. §227(b)(3) and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper before this Court pursuant to N.C.G.S. § 75-105(f) as Plaintiff is a resident of Guilford County and received the relevant phone calls /text messages from the Defendants while residing in Guilford County.

4. This Court has jurisdiction over Defendants because Defendant conducts business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District and has committed tortious acts in this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides here, a substantial part of the events giving rise to the claim occurred here, and because the Defendant's contacts with the District are sufficient to subject it to personal jurisdiction.

6. Statutory damages are an amount greater than $25,000.00.

## PARTIES

7. Plaintiff, TAMMY MCCRAE-COLEY ("Plaintiff"), is a natural person who at all relevant times has resided in and currently resides in Greensboro, Guilford County, North Carolina.

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Greensboro, North Carolina.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Plaintiff is, and at all times mentioned herein was, a "telephone subscriber" as defined by N.C. Gen. Stat. § 75-101(11).

11. Defendants, Starter Home Investing Inc. and Starter Home Programs Inc. are, and at all times mentioned herein are, Michigan corporations with their head office headquartered at 956 3 Mile Road NW, Grand Rapids MI 49544

12. Defendant, Nations Info Corporation, is and at all times mentioned herein is a, California corporation with their head office headquartered at 6950 Hollister Ave., Suite 104, Goleta CA 93117

13. Defendant, Get Rent To Own Corp. is and at all times mentioned herein is a, California corporation with their head office headquartered at 25350 Magic Mountain Parkway, Suite 300 Valencia Ca, 91355

14. Defendants are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153 (39).

15. Defendants are and at all times mentioned herein were, "telephone solicitors" as defined by N.C. Gen. Stat. § 75-101(10).

## FACTUAL ALLEGATIONS

16. Plaintiff is the telephone subscriber to and customary user of the cellular telephone number with area code of 336 and ending in 3163 ("Plaintiffs number").

17. At all times relevant herein the Plaintiffs number was and still remains on the National Do Not Call Registry. Plaintiff's number was registered with the National Do Not Call Registry on May 14, 2005.

18. Upon information and belief, Defendants, or someone acting on their behalf and at its direction, sent 3 automated text messages on May 13, 2021.



19. These three text messages all came from the same short code 33959 within 25 minutes on the same day without the Plaintiff responding or completing any of the requested forms.

20. When the Plaintiff clicked the links in each text the Plaintiff was lead to the following websites:

First text - Soliciting to take advantage of "Rent to Own Services" using www.renttoownhomefinder.com (Starter Home Programs Inc. and Starter Home Investing Inc).

Second text - Soliciting to purchase your credit reporting score using www.creditreview.Co. (Nations Info Corporation).

Third Text - Soliciting to take advantage of their home finding services www.yourrent2own.com services (Get Rent To Own Corp).

21. Defendants text messages were sent without Plaintiff's consent.

22. Because each of these text messages were advertising of Defendant's services, they constitute telemarketing messages and telephone solicitation.

23. Each of these text messages were sent as part of the Defendant's automated campaign, with limited to no human intervention, from a platform that has the capacity to store or produce numbers using a random or sequential number generator.

24. Plaintiff is the sole and primary user of a cellular telephone number ending in 3163.

25. Plaintiff's telephone number ending in 3163 was on the National Do-Not-Call Registry prior to any text messages from the Defendants.

26. Plaintiff received Defendants's text messages described herein.

27. Plaintiff never provided prior express written consent (or any consent) to Defendants for these text messages.

28. Plaintiff requested a copy of Defendants Starter Home Programs Inc. and Starter Home Investing Inc. written TCPA Policy in the original correspondence emailed to Defendants on May 21, 2021.

29. Plaintiff has never received a copy of Defendant's written TCPA Policy.

30. On May 21, 2021 and May 26, 2021 Plaintiff requested twice by responding to Defendants Starter Home Programs Inc. and Starter Home Investing Inc. email a copy of any prior consent Defendants claimed to have from Plaintiff.

31. Plaintiff have never received a response of any type to the two requests made on May 21, 2021 and May 26, 2021 for a copy of any prior consent Defendants claimed to have from Plaintiff.

32. Defendant's registered agent Attorney Edward Winkler which is also the Secretary of the Board of Director of the two Corporations relayed to Plaintiff on a May 21, 2021 email that Plaintiff's personal information was sold to Defendant's "marketing partners".

33. On May 21, 2021 and May 26, 2021 Plaintiff requested twice by responding to Defendant's email a copy of any prior consent Defendants claimed to have from Plaintiff.

34. Plaintiff has never given any of the Defendants consent to sell Plaintiff's information nor the "marketing partners" consent to use the Plaintiff's information to solicit their services to her in any manner.

## DEFENDANTS' LIABILITY

35. The Defendants, worked in concert to send these text messages to the Plaintiff.

36. Defendants, Starter Home Investing Inc. and Starter Home Programs Inc. were actual agents of Nations Info Corporation and Get Rent to Own Corp.

37. Upon information and belief, Defendants were accomplices in violating Plaintiff's privacy rights and state and federal laws.

38. Nations Info Corporation and Get Rent to Own Corp. are vicariously liable for the violations of Starter Home Investing Inc. and Starter Home Programs Inc.

39. FCC rules established that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995). 15. The FCC confirmed this principle in 2013, when it explained that "a seller .... may be held vicariously liable under federal common law principles of agency for violations of

40. Because Defendant's text messages constitute telemarketing, Defendants were required to obtain prior express written consent from the persons to whom they sent these text messages.

> "Prior express written consent" is specifically defined by statute as:
> [A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

41. Plaintiff never provided the Defendants with any consent, written or otherwise.

42. Accordingly, each of Defendant's telemarketing text messages to Plaintiff using an automatic telephone dialing system violated 47 U.S.C. § 227(b) and N.C. Gen. Stat § 75-104(a).

43. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per text message.

44. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful 47 U.S.C. § 227(b)(3)(c).

45. For violations of N.C. Gen. Stat. § 75-104(a), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

46. In addition, the TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c).

47. North Carolina General Statute § 75-102(a) prohibits making "a telephone

solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry." N.C. Gen. Stat. § 75-102(a).

48. Plaintiff's number was on the National Do-Not-Call Registry prior to all of the text messages.

49. Plaintiff has received more than two such telemarketing text messages in a 12-month period, as required by 47 U.S.C. § 227(c) for violations of § 227(c).

50. Plaintiff is entitled to an additional $1,500 per text message if Defendant's actions are found to be knowing or willful 47 U.S.C. § 227(c)(5)(c).

51. In addition, pursuant to N.C. Gen. Stat. §75-105(b)(2), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

52. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing text messages, including, but not limited to:
☐ Device storage;
☐ Data usage;
☐ Battery usage;
☐ Usage of extra electricity to continue to charge the phone after unconsented use
☐ Lost time tending to and responding to the unsolicited text messages;
☐ Intrusion upon and occupation of the capacity of the consumer's cell phone;
☐ Wasting the Plaintiff's time or causing the risk of personal injury due to interruption and distraction
☐ Invasion of Privacy; and
☐ Nuisance.

53. These forms of actual injury are sufficient for Article III standing purposes.

## FIRST CAUSE OF ACTION
## Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

54. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55. Upon Information and belief, Defendants sent, or had sent on its behalf, telemarketing text messages to Plaintiff's telephone number without prior express written consent.

56. Plaintiff's telephone number is assigned to a cellular telephone service.

57. As alleged, these text messages were sent with auto dialers that possessed the capacity to store or produce numbers using a random or sequential number generator.

58. The text messages were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

59. Plaintiff is entitled to an award of $500 in statutory damages for each text message, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
## Violations of the TCPA, 47 U.S.C. § 227(c)

61. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62. Upon Information and belief, Defendants sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's telephone number.

Case 1:21-cv-00666-CCE-JLW    Document 4    Filed 08/27/21    Page 10 of 14

63. Plaintiff's telephone number was on the National Do-Not-Call Registry at the time of the text messages.

64. Plaintiff received two or more such text messages in a 12-month period.

65. Plaintiff is entitled to an award of $500 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

66. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-102(a)

67. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

68. Upon Information and belief, Defendants sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's telephone number.

69. Plaintiff's telephone number was on the National Do-Not-Call Registry at the time of the text messages.

70. Plaintiff is entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

71. Plaintiff is entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b)(2).

72. Plaintiff is entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## FOURTH CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-102(c)(1)

73. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

74. Upon Information and belief, Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's telephone number.

75. Plaintiff is entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

76. Plaintiff is entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b)(2).

77. Plaintiff is entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## FIFTH CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-104(a)

78. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

79. Upon Information and belief, Defendants sent, or had sent on its behalf, telemarketing text messages to Plaintiff's telephone number.

80. These text messages were sent using auto dialing technology that possessed the capacity to store or produce numbers using a random or sequential number generator.

81. Plaintiff is entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

82. Plaintiff is entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b)(2).

83. Plaintiff is entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## SIXTH CAUSE OF ACTION
## Violations of N.C. Gen. Stat. § 66-261.

84. Upon Information and belief, Defendants were not registered to do business in the State of North Carolina when they texted the Plaintiff on May13, 2021.

85. Defendants' text messages with the Plaintiff were telephonic communications designed to persuade Plaintiff to purchase services and thereby constituted a "telephone solicitation" pursuant to N.C.G.S. § 66-260(10).

86. At the time the Defendants solicited the Plaintiff, the Defendants constituted a "telephone seller" pursuant to N.C.G.S. § 66-260 (11).

87. Defendants' telephone solicitation to Plaintiff was for the purpose of offering or advertising Defendants' services to Plaintiff.

88. The Defendants has failed to register with the North Carolina Secretary of State.

89. Pursuant to N.C.G.S. § 66-266(a), the Defendants failure to register with the North Carolina Secretary of State constitutes a unfair and deceptive trade practice for which the Plaintiff is entitled to treble damages and attorney's fees.

99. The Defendants have an obligation to ensure that it complies with all applicable state and federal laws. The Defendants have failed in this obligation and knew or should have known that the parties are not registered to do business in North Carolina. Consequently, the Defendant

should be held liable for failure to register with the North Carolina Secretary of State as a telephone solicitor as required.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §§ 227(b) and (c);

B. An order declaring that Defendant's actions, as set out above, violate N.C. Gen. Stat. §§ 66-261(a), 75-102(a), 75-102(c)(1) and 75-104(a).

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Plaintiff, including, *inter alia*, an order prohibiting the Defendants from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;
E. An award of treble damages; and
F. An award of reimbursement of attorney, court and filing fees/costs.
G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

T. C. M  07/2/2021

Tammy McCrae-Coley
TammyColeyjd@gmail.com
1400 Battleground Ave.
Suite 116 – L
Greensboro, NC 27408
336-491-3163