# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF NORTH CAROLINA



**TAMMY MCCRAE-COLEY,**
    **Pro Se Plaintiff,**

       **v.**

**STARTER HOME PROGRAMS INC.**
Dba RENTTOOWNHOMEFINDER.COM,

**STARTER HOME INVESTING INC.**
Dba RENTTOOWNHOMEFINDER.COM,

**STARTER HOME PROGRAMS INC.**
dba LENDING CLOUD HOMES,

**STARTER HOME INVESTING INC.**
dba LENDING CLOUD HOMES,

**NATIONS INFO CORPORATION**
dba CREDITREVIEW.CO,

**NATIONS INFO CORPORATION**
dba YOURSCOREANDMORE.COM,

**GET RENT TO OWN CORP.**
dba YOURRENT2OWN.COM.

**XANADU MARKETING, INC individually**
(Assumed Name APEX PAGE BUILDER), and
dba CLOUDBASEDPERSONALLOANS.COM
 and XANADUTRACKING.COM

**INSURANCE-REVIEWED.COM**

    **Defendants.**

Civil Action No. <u>1:21-cv-00666</u>

**2ⁿᵈ AMENDED COMPLAINT**
**(Jury Trial Demanded)**

Case 1:21-cv-00666-CCE-JLW   Document 18   Filed 03/24/22   Page 1 of 33

# INTRODUCTION

This action arises out of the Defendants', Starter Home Programs Inc. and Starter Home Investing Inc. both dba Lending Cloud Homes and Renttoownhomefinders.com, **Xanadu Marketing (Assumed name Apex Page Builder), XanaduTracking.com, Insurance-Reviewed.com, Cloudbasedpersonalloans.com, Nations Info Corporation dba Creditreview.co and Yourscoreandmore.com, and Get Rent to Own Corp. dba Yourrent2own.com** ("Defendants") , practice of sending autodialed telemarketing text messages **and telephone call(s)** to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of two separate provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"),  and provisions of the North Carolina General Statutes § **75-1.1,** § 75-100, *et seq* and provisions of the North Carolina General Statute § 66-260 , *et seq.*

Plaintiff Tammy McCrae-Coley has never provided the Defendants prior express written consent to send telemarketing text messages to her telephone number.

Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the text messages and call(s) to her cellular telephone.

Accordingly, Plaintiff brings this action on behalf of herself under 47 U.S.C. § 227(b) and 227(c), and under N.C. Gen. Stat. **§ 75-1.1, 75-102, 75-104 and § 66-261.**

YOU WILL PLEASE TAKE NOTICE that the Plaintiff, TAMMY MCCRAE-COLEY files her Amended Complaint Pursuant to Rule 15 of the Federal Rules of Civil Procedure against the Defendants as follows (Amendments are in bold type):

# JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter and the Defendants pursuant to N.C.G.S. § 1-75.4(3) and N.C.G.S. § 1-75.4( 4) as the acts by the Defendants giving rise to this Complaint occurred in Guilford County, North Carolina including Plaintiff's receipt of Defendants' text messages that form basis of Plaintiff's North Carolina Telephone Solicitation Act (NCTSA) claims.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. §227(b) and 47 U.S.C. §227(c). See, Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper before this Court pursuant to N.C.G.S. § 75-105(f) as Plaintiff is a resident of Guilford County and received the relevant phone calls /text messages from the Defendants while residing in Guilford County.

4. This Court has jurisdiction over Defendants because Defendant conducts business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District and has committed tortious acts in this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides here, a substantial part of the events giving rise to the claim occurred here, and

because the Defendant's contacts with the District are sufficient to subject it to personal

Case 1:21-cv-00666-CCE-JLW   Document 18   Filed 03/24/22   Page 3 of 33

jurisdiction.

6. Statutory damages are an amount greater than $25,000.00.

## PARTIES

7. Plaintiff, TAMMY MCCRAE-COLEY ("Plaintiff"), is a natural person who at all relevant times has resided in and currently resides m Greensboro, Guilford County, North Carolina.

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Greensboro, North Carolina.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Plaintiff is, and at all times mentioned herein was, a "telephone subscriber" as defined by N.C. Gen. Stat. § 75-101(11).

11. Defendants, Starter Home Investing Inc. **(Assumed name Lending Cloud Homes) and Starter Home Programs Inc. (Assumed name Lending Cloud Homes)** are, and at all times mentioned herein are, Michigan corporations with their head office headquartered at 956 3 Mile Road NW, Grand Rapids MI 49544.

12. Defendant, Nations Info Corporation, is and at all times mentioned herein is a, California corporation with their head office headquartered at 6950 Hollister Ave., Suite 104, Goleta CA 93117

13. Defendant, Get Rent To Own Corp. is and at all times mentioned herein is a, California corporation with their head office headquartered at 25350 Magic Mountain Parkway, Suite 300 Valencia Ca, 91355.

**14. Defendant Xanadu Marketing Inc. (Assumed name Apex Page Builder) also dba Cloudbasedpersonalloans.com and Xanadutracking.com at all times mentioned herein are, Michigan corporations with their head office headquartered at 14200 Ironwood Dr. NW, Suite B, Grand Rapids MI 49534**

**15. Defendant, www.Insurance-reviewed.com, all times mentioned herein are, Michigan corporations with their head office headquartered at 956 3 Mile Road NW, Grand Rapids MI 49544.**

16. Defendants are, and at all times mentioned herein were, "persons" as defined by 47

U.S.C. § 153 (39).

17. Defendants are and at all times mentioned herein were, "telephone solicitors" as

defined by N.C. Gen. Stat. § 75-101(10).

**FACTUAL ALLEGATIONS**

18. Plaintiff is the telephone subscriber to and customary user of the cellular telephone number with area code 336 and ending 3136 "Plaintiff number".

19. At all times relevant herein the Plaintiffs number was and still remains on the National Do Not Call Registry. Plaintiff's number was registered with the National Do Not Call Registry on May 14, 2005.

20. Upon information and belief, Defendants, or someone acting on their behalf and at its direction, sent 3 automated text messages on May 13. 2021



21. These three text messages all came from the same short code 33959 within 25 minutes on the same day without the Plaintiff responding or completing any of the requested forms.

**22. The short code 33959 belongs to Lending Cloud Homes (since 2018). According to Michigan's Department of Licensing and Regulatory Affairs (LARA), Lending Cloud Homes is the assumed name for both Starter Home Programs Inc.**

and Starter Home Investing Inc. All have the same Members/Officers, registered agent and registered address.

23. When the Plaintiff clicked the links in each text the Plaintiff was lead to the following websites:

First text – Soliciting Plaintiff to take advantage of "Rent to Own Services" using www.renttoownhomefinder.com (Starter Home Programs Inc. and Starter Home Investing Inc). **This website contains "Material" mis-information. At the bottom of the website the photos that accompany the supposed testimonials of the 2 customers are stock photos from https://www.crushpixel.com/stock-photo/black-woman-colorful-shirt-3372198.html and https://www.crushpixel.com/stock-photo/portrait-indian-man-smiling-inside-3374057.html. These same photos are used on many sites for many different companies across the internet both with different names and identities. These are alleged not to be actual customers nor actual testimonials for this product or service.**

Second text - **Soliciting Plaintiff to purchase Defendant's credit reporting scores. Initially on the day the text arrived, the company's text solicited Plaintiff for credit products using their www.creditreview.co website. Days later when Plaintiff went back to the link on the same text it solicited the**

Case 1:21-cv-00666-CCE-JLW   Document 18   Filed 03/24/22   Page 7 of 33

**same type of credit products to the Plaintiff but using Defendants
www.YourScoreAndMore.com website (Nations Info Corporation).**

Third Text - **Soliciting Plaintiff to take advantage of Defendant's home
search services www.yourrent2own.com services (Get Rent To Own Corp).
This website contains "Material" mis-information. One or more of the homes
on the home page are homes not available to the average US consumer on
Defendants' website. One or more of the homes are stock photos that are also
on https://www.facebook.com/Dream-Luxury-Properties-
161966654492483/?ref=page_internal (luxury homes in Ghana, West Africa
along with an African contact telephone number). different companies across
the internet both with different names and identities. These are alleged not to
be actual homes actually ever to be available for this service.**

24. Defendants text messages were sent without Plaintiff's consent.

25. Because each of these text messages were advertising of Defendant's services,
they
constitute telemarketing messages and telephone solicitation.

26. Each of these text messages were sent as part of the Defendant's automated
campaign, with limited to no human intervention, from a platform that has the capacity to
store or produce numbers using a random or sequential number generator.

27. Plaintiff is the sole and primary user of a cellular telephone number ending in
3163.

28. Plaintiff's telephone number ending in 3163 was on the National Do-Not-Call Registry **since May 14, 2005**.

29. Plaintiff received Defendants' text messages described herein.

30. Plaintiff never provided prior express written consent (or any consent) to Defendants for these text messages.

31 Plaintiff requested a copy of Defendants Starter Home Programs Inc. and Starter Home Investing Inc. written TCPA Policy in the original correspondence emailed to Defendants on May 21, 2021.

32. Plaintiff has never received a copy of Defendant's written TCPA Policy.

33. **Defendant's registered agent Attorney Edward Winkler's May 21, 2021 emailed**

**to the Plaintiff unfounded claims that the Plaintiff had opted-in to the unlawful text messages. On May 21, 2021 and May 26, 2021 Plaintiff responded to Attorney Edward Winkler's emails requesting an actual copy of any prior consent Defendants claimed to have from Plaintiff.**

34. **The Plaintiff did not receive a response of any type to the two email requests made to Attorney Edward Winkler on May 21, 2021 and May 26, 2021 for a copy of any prior consent Defendants claimed to have from Plaintiff.**

35. **Attorney Edward Winkler Registered Agent for all the Michigan located Defendants and also the Secretary of the Board of Director of Starter Home Investing, Inc. and Starter Home Programs, Inc. relayed to Plaintiff in a May 21, 2021 email that Plaintiff's personal information was "Sold".**

Case 1:21-cv-00666-CCE-JLW   Document 18   Filed 03/24/22   Page 9 of 33

36. Also in Edward Winkler's May 21, 2021 email response to Plaintiff, Edward Winkler stated that Plaintiff would not receive future communications. Edward Winkler specifically wrote the following:

> "The company apologizes for any inconvenience this may have caused and has removed your information from its database to ensure that you receive no future communication."

37. When the Defendants were unable to provide proof that they possessed prior consent from the Plaintiff of prior consent was ignored the Plaintiff filed the Complaint.

39. Even though Defendant's registered agent Attorney Edward Winkler's May 21, 2021 email apologized to the Plaintiff and stated that Plaintiff would not receive any future solicitations Plaintiff received two more text messages from the same 33959 short code as the previous text messages on November 1, 2021 and a cellular telephone solicitation on November 17, 2021 – almost 6 months after the original text messages and a promise that Plaintiff's information was removed from Defendant's database.

40. The Plaintiff received unconsented solicitation from Defendants on November 1, 2021.

Case 1:21-cv-00666-CCE-JLW   Document 18   Filed 03/24/22   Page 10 of 33



41. The Defendants Knowingly and Willfully violated the law sending these two unlawful text messages November 1, 2021 while in litigation for the violation of this very same statute. These text messages were sent from the same short code 33959 as the texts that Defendants sent on May 13, 2021. The text messages were sent within 5 minutes of each other without Plaintiff's responding to either. 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c).

42. When the Plaintiff clicked the links in each text message the Plaintiff was lead to

the following websites:

First text - Soliciting Plaintiff to purchase Plaintiff's credit reporting information using www.creditreview.co. (Nations Info Corporation).

<u>Second text</u> - Soliciting Plaintiff to take advantage of Defendant's home search services <u>www.yourrent2own.com</u> services (Get Rent To Own Corp). This website contains "Material" mis-information. One or more of the homes on the home page are homes not available to the average US consumer on Defendants' website. One or more of the homes are stock photos that are also on <u>https://www.facebook.com/Dream-Luxury-Properties-161966654492483/?ref=page_internal</u> (luxury homes in Ghana, West Africa along with an African contact telephone number). These are alleged not to be actual homes actually ever to be available for this service.

43. On November 17, 2021 Plaintiff received a cellular telephone call from Defendant <u>www.Renttoownhomefinder.com</u> from the spoofed telephone number 336-654-6305 on Plaintiff's cellular telephone as Plaintiff was sitting in a Required Zoom Compliance class. The Defendants Knowingly and Willfully violated the law by calling the Plaintiff's cellular telephone to solicit the Plaintiff during litigation. 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c).

44. Defendant's intrusive and unlawful call to Plaintiff's cellular telephone at 12:58 pm in the middle of the work day intruded into the Plaintiff's work day and interrupted Plaintiff as she was sitting in a Required Zoom Compliance.

45. Defendant's call to Plaintiff was a call that solicited Defendant's <u>www.Rentoownhomefinder.com</u> services.

Case 1:21-cv-00666-CCE-JLW   Document 18   Filed 03/24/22   Page 12 of 33

46. At the beginning of the call the Plaintiff asked the caller to spell the name of the company they were calling on behalf of to make sure Plaintiff knew who was calling.

47. The Plaintiff asked the caller the name of the company the caller was calling on behalf of several times during the call to confirm what company the caller was soliciting for because the Plaintiff was in disbelief that she was receiving a telemarketing call from a Defendant that she was currently in litigation with and because the same Defendant had assured the Plaintiff in writing 6 months prior that her information had been removed from their database and that she would not receive future communications.

48. The caller started by stating the reason for the call. The caller stated:

> *"Rent-To-Own-Home-Finder was designed to help families exceed in their homeownership (inaudible). We assist you in finding rent to own home options as well as getting you in a position to purchase that rent-to-own home as well."*

The caller later continued by stating:

> *"A lot of our clients are able to skip the rent-to-own part and find themselves in a position where they can purchase a home. No matter which option you choose we will be here to assist. Is that okay with you?"*

49. There is no evidence that any of the Defendants are licensed by the North Carolina Real Estate Commissioner which is required for them to receive

compensation of any type to assist with the Buying or Selling of real estate and this includes Rent-To-Own transactions.

50. During this unlawful and intrusive call to the Plaintiff in the middle of the Plaintiff's work day distracting the Plaintiff from her required compliance training, the caller for the Defendants questioned the Plaintiff about her credit.

51. The Plaintiff ended the call by asking the caller to give Plaintiff their phone number. The caller gave the Plaintiff the number 844-649-1171 for www.renttoownhomefinder.com.

52. Once the Plaintiff's Compliance class had ended she called the number that was given by the caller. Once the call connected, the Plaintiff followed the instructions and pressed #3 to be transferred to a live representative. The transfer was answered by the recorded message below:

> "*Thank you for calling Rent-To-Own-Home-Finders. This call may be monitored for quality assurance purposes. Please hold while we transfer you to the next available representative.*"

And the solicitations continued even beyond this call.

53. There continues to be misconduct of the Defendants by texting and calling during litigation and after Edward Winkler's May 21, 2021 email stating that Defendants had removed Plaintiff's information from their database (which we now know was not true) and that Plaintiff will not receive any future communication.

**54. On December 20, 2021 Plaintiff received two more text messages from the Defendants. The Defendants' text messages were sent from the same 33959 short code as the May 13, 2021 and the November 1, 2021 text messages.**



**55. When the Plaintiff clicked the links in each text message the Plaintiff was lead to the following websites:**

<u>First text</u> **- Soliciting Plaintiff to purchase Plaintiff's credit reporting information.**

**The first screen that appears shows <u>www.ApexPageBuilder.com</u> (Apex Page Builder is an assumed name for Xanadu Marketing, Inc.) but leads the Plaintiff to www.YourScoreAndMore.com. (Nations Info Corporation) when the Plaintiff clicked on the "Click Here For Your Credit Score" button. This same text message also lead Plaintiff to <u>www.CloudBasedPersonalLoans.com</u> (a Xanadu Marketing Inc. website). While on <u>www.CloudBasedPersonalLoans.com</u> website the Plaintiff clicked on the**

Case 1:21-cv-00666-CCE-JLW   Document 18   Filed 03/24/22   Page 15 of 33

**"Get Your Checking Account Here" button** which lead the Plaintiff to

https://www.xanadutracking.com/N55QBMX/LBGWTDB/?_ptid=2cd31f88

12734d1bb990e99b5cfd96eb&sub1=&sub2=%5Bcurrent-

page%3Aquery%3Asubtwo%5D&sub3=%5Bcurrent-

page%3Aquery%3Asubthree%5D&sub4=&sub5=&source_id=&aff_id=1181

0&offer_id=10683&subfour=%5Bcurrent-

page%3Aquery%3Asubfour%5D&subtwo=%5Bcurrent-

page%3Aquery%3Asubtwo%5D&subthree=%5Bcurrent-

page%3Aquery%3Asubthree%5D

According to the Michigan's Department of Licensing and Regulatory Affairs
website, Apex Page Builder is an assumed name for Xanadu Marketing Inc.

**Second text** - Soliciting Plaintiff to take advantage of Defendant's home

search services www.yourrent2own.com services (Get Rent To Own Corp).

This website contains "Material" mis-information. One or more of the homes

on the home page are homes not available to the average US consumer on

Defendants' website. One or more of the homes are stock photos that are also

on  https://www.facebook.com/Dream-Luxury-Properties-

161966654492483/?ref=page_internal (luxury homes in Ghana, West Africa

along with an African contact telephone number). These are alleged not to be

actual homes actually ever to be available for this service.

56. All of the text messages and phone calls mentioned above were sent from short code 33959.

57. Since the filing of this complaint the Plaintiff has realized that there was another text messages sent to Plaintiff's cellular telephone from the same Defendants but from a different short code. This text was sent from short code 27142.



58. On May 19, 2021 the Defendants sent the Plaintiff a text message from short code 27142. This text message lead the Plaintiff to www.insurance-reviewed.com with the same address, as Defendants Xanadu Marketing Inc., and Apex Page Builder. Like the other websites it also contained false information and information that misrepresents the authenticity of the services offered on the website unlawfully texted to the Plaintiff. The seven photos of employees and customers appear to be all stock photos. The same 4 employees shown on the Defendant's website as part of it's Leadership Team pictures also appears on

multiple other websites on the internet (same clothing and background) but all with different names and titles on each website across the internet. The same is true of the "so-called" customers with testimonials on the website. The information on the website that a consumer would rely on to make a decision to purchase appears to be fake.

59. Surfing the internet you will find other complaints from consumers that received unwanted and unconsented text messages in the years 2020 and 2021 from the same short code concerning similar Rent-To-Own Options and Personal Loans.

## DEFENDANTS' LIABILITY

60. The Defendants worked in concert to send these text messages and phone call(s) to the Plaintiff **without Plaintiff's prior expressed written consent.**

61. **Accomplice Liability:**

**Upon information and belief, Defendants were accomplices in Knowingly and Willfully violating Plaintiff's privacy rights and state and federal laws.**

62. **Starter Home Programs Inc. and Starter Home Investing Inc. assisted its clients in sending illegal text messages and calls to induce the purchase of Defendants' goods or services. Starter Home Programs Inc. and Starter Home Investing Inc. used their services to market and generate leads for ALL the Defendants they sent text messages or a telephone call(s) on behalf of.**

Case 1:21-cv-00666-CCE-JLW   Document 18   Filed 03/24/22   Page 18 of 33

63. The short code 33959 has been assigned to Starter Home Programs Inc. and Starter Home Investing Inc. since 2018. There are multiple complaints online of unconsented and unwanted text messages being sent to consumers from this specific short code since 2018. There are also many other online complaints of consumers receiving unconsented text messages and calls from the Defendants identifying the Defendants by their names. Most of these complaints are dated prior to the date that Plaintiff received her first text messages from the Defendants.

64. Based on the Telephone Sales Rule a business or individual can be held liable if it knows, has reason to know, or consciously avoids knowing of wrongdoing by its business partners.

65. It is alleged that the Defendants used Starter Home Programs Inc. and Starter Home Investing Inc. to transmit text messages and phone call(s) on their behalf would have been aware of the multiple complaints from consumers of this very same misconduct. If the Defendants knew of the illegal acts and still conducted business with Starter Home Programs Inc. and Starter Home Investing Inc. then these Defendants were accomplices in continuing the illegal acts to induce the purchase of their products and services. All the Defendants "Ratified" the bad acts of Starter Home Programs Inc. and Starter Home Investing Inc. with their continued use of their services.

66. All the Defendants had a duty and responsibility to insure that any third party telemarketer that was contracted to market and generate leads for them had a history of following all applicable state and federal laws.

Case 1:21-cv-00666-CCE-JLW   Document 18   Filed 03/24/22   Page 19 of 33

**67. Vicarious Liability:**

**It is alleged that Starter Home Programs Inc. and Starter Home Investing Inc. were the actual agents of the other Defendants, Starter Home Programs Inc. and Starter Home Investing Inc. were the third party telemarketers for the other Defendants. Starter Home Programs Inc. and Starter Home Investing Inc. sent the text messages and phone call(s) on behalf of the other Defendants to market and generate leads on their behalf.**

**68. All the Defendants should have known of Starter Home Programs Inc. and Starter Home Investing Inc. prior bad acts. Even if the Defendants claim that they did not know of the prior bad acts, once Defendants Renttoownhomefinders.com, Nations Info Corporation dba Creditreview.co and Yourscoreandmore.com, and Get Rent to Own Corp. dba Yourrent2own.com were put on notice when served with the Plaintiff's July 07, 2021 Amended complaint which included a request for injunctive relief now had knowledge of those acts, but chose to continue to use them to send out unlawful text messages on their behalf to induce consumers to buy their services. Specifically, the Defendants allowed them to continue to send out text messages and telephone call(s) to the Plaintiff during litigation.**

**69. The Defendants are Vicariously Liable by Ratification.**

70. FCC rules established that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995). 15.

71. Because Defendant's text messages and phone calls constituted telemarketing, Defendants were required to obtain prior express written consent from the persons to whom they sent these text messages.

"Prior express written consent" is specifically defined by statute as:

[A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

72. The Plaintiff never provided the Defendants with any consent, written or otherwise.

73. Accordingly, each of Defendant's telemarketing text messages and calls to Plaintiff using an automatic telephone dialing system violated 47 U.S.C. § 227(b) and N.C. Gen. Stat § 75-104(a).

74. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per text message.

75. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful 47 U.S.C. § 227(b)(3)(c).

76. For violations of N.C. Gen. Stat. § 75-104(a), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

77. In addition, the TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c).

78. North Carolina General Statute § 75-102(a) prohibits making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry." N.C. Gen. Stat. § 75-102(a).

79. North Carolina General Statute § 75-102(b)States that No telephone solicitor shall make a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber previously has communicated to the telephone solicitor a desire to receive no further telephone solicitations from the telephone solicitor to that number. N.C. Gen. Stat. § 75-102(b).

80. The North Carolina Telephone Solicitation Act prohibits making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry." N.C. Gen. Stat. § 75-102(a).

81. Plaintiff's number was on the National Do-Not-Call Registry prior to all of the text messages.

82. Plaintiff has received more than two such telemarketing text messages in a 12-month period, as required by 47 U.S.C. § 227(c) for violations of § 227(c).

83. Plaintiff is entitled to an additional $1,500 per text message if Defendant's actions are found to be knowing or willful 47 U.S.C. § 227(c)(5)(c).

84. In addition, pursuant to N.C. Gen. Stat. §75-105(b), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

85. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing text messages, including, but not limited to:

☐ Device storage;

☐ Data usage;

☐ Battery usage;

☐ Usage of extra electricity to continue to charge the phone after unconsented use;

☐ Lost time tending to and responding to the unsolicited text messages;

☐ Intrusion upon and occupation of the capacity of the consumer's cell phone;

☐ Wasting the Plaintiff's time or causing the risk of personal injury due to interruption and distraction;

☐ **Intrusion into Plaintiff's work day;**

☐ **Disruption and distraction from Plaintiff's professional obligation to comply with required licensing education;**

☐ Invasion of Privacy; and

☐ Nuisance.

86. These forms of actual injury are sufficient for Article III standing purposes.

### FIRST CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227(b)

### (ATDS)

87. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

88. Upon Information and belief, Defendants sent, or had sent on its behalf, telemarketing text messages to Plaintiff's telephone number without prior express written consent.

89. Plaintiff's telephone number is assigned to a cellular telephone service.

90. As alleged, these text messages and phone calls were sent with auto dialers that possessed the capacity to store or produce numbers using a random or sequential number generator.

91. The text messages and calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A).

92. Plaintiff is entitled to an award of $500 in statutory damages for each text message, pursuant to 47 U.S.C. § 227(b)(3)(B).

93. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227(c)

**(Do Not Call)**

94. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

95. Upon Information and belief, Defendants sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's telephone number.

96. Plaintiff's telephone number was on the National Do-Not-Call Registry at the time of the text messages.

97. Plaintiff received two or more such text messages/phone calls in a 12-month period.

98. Plaintiff is entitled to an award of $500 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

99. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION

### Violations of N.C. Gen. Stat. **§ 75-102**

**(Do Not Call)**

Case 1:21-cv-00666-CCE-JLW   Document 18   Filed 03/24/22   Page 24 of 33

100. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

101. Upon Information and belief, Defendants sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's telephone number.

102. Plaintiff's telephone number was on the National Do-Not-Call Registry at the time of the text messages.

103. Plaintiff is entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b).

104. Plaintiff is entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b).

105. Plaintiff is entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## FOURTH CAUSE OF ACTION

## Violations of N.C. Gen. Stat. § 75-104(a)

### (ATDS)

106. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

107. Upon Information and belief, Defendants sent, or had sent on its behalf, telemarketing text messages to Plaintiff's telephone number.

108. These text messages were sent using auto dialing technology that possessed the capacity to store or produce numbers using a random or sequential number generator.

Case 1:21-cv-00666-CCE-JLW   Document 18   Filed 03/24/22   Page 25 of 33

109. Plaintiff is entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b).

110. Plaintiff is entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b).

111. Plaintiff is entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## FIFTH CAUSE OF ACTION

### Violations of N.C. Gen. Stat. § 66-261

**(Registered Telephonic Seller)**

112. Upon Information and belief, Defendants were not registered to do business in the State of North Carolina when they texted the Plaintiff on May13, 2021.

113. Defendants' text messages with the Plaintiff were telephonic communications designed to persuade Plaintiff to purchase services and thereby constituted a "telephone solicitation" pursuant to N.C.G.S. § 66-260(10).

114. At the time the Defendants solicited the Plaintiff, the Defendants constituted a "telephone seller" pursuant to N.C.G.S. § 66-260 (11).

115 Defendants' telephone solicitation to Plaintiff was for the purpose of offering or advertising Defendants' services to Plaintiff.

116 The Defendants has failed to register with the North Carolina Secretary of State.

117. Pursuant to N.C.G.S. § 66-266(a), the Defendants failure to register with the North Carolina Secretary of State constitutes a unfair and deceptive trade practice for which the Plaintiff is entitled to treble damages and attorney's fees.

118. The Defendants have an obligation to ensure that it complies with all applicable state and federal laws. The Defendants have failed in this obligation and knew or should have known that the parties are not registered to do business in North Carolina. Consequently, the Defendant should be held liable for failure to register with the North Carolina Secretary of State as a telephone solicitor as required.

**SIXTH CAUSE OF ACTION**

**Violations of N.C. Gen. Stat. § 75 - 1.1 (UDTPA)**

**(Deceptive Trade Practices)**

**119. Upon Information and belief, Defendants were deceptive in their trade practices when Defendants unlawfully sent text messages that lead Plaintiff to multiple websites that contained "Material" misrepresentation that was likely to mislead and deceive a consumer acting reasonably.**

**120. Pursuant to N.C.G.S. § 75 – 1.1, A claim under this statute requires proof of three elements: (1) an unfair or deceptive act or practice; (2) in or affecting commerce; (3) which proximately caused the injury to the claimant.**

**121. The Defendants websites sent to the Plaintiff via the unlawful and unconsented text messages misrepresented the "so-called" customer's feedback, reputation, and authenticity of the products and services displayed on their websites by using deceptive**

practices that misleads or is likely to mislead the consumer – practices that has the capacity or tendency to deceive the consumer and induce them to purchase.

122. N.C.G.S. § 75 – 1.1(b) "For purposes of this section, "commerce" includes all business activities, however denominated". The Defendants' texts messages and phone calls were designed to induce the Plaintiff to purchase their products and services.

123. Pursuant to N.C.G.S. § 75-102(a)   Defendants sent unconsented and unlawful text messages and telephone call(s) to the Plaintiff. Even after the Plaintiff was notified by a Representative of the Defendants in writing that they had removed Plaintiff's information from its database to ensure that Plaintiff would receive no future communication, the solicitation continues (text messages continued and phone calls started).

124. N.C.G.S.§ 75 - 16 provides that "If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict".

125. The Defendants' misrepresentation of the photos placed on the websites to represent actual employees (Leadership Team) and alleged satisfied customers, False names of said employees and customers, False titles of the employees, and fabricated testimonials in order to induce consumers to purchase constitutes deceptive trade practices for which the Plaintiff is entitled to treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually prays for the following relief:

A. An order declaring that Defendant's actions set out above, violate, violate 47 U.S.C § 227(b) and (c);

B. An order declaring that Defendant's actions, as set out above, violate N.C. Gen. Stat. § 66-261, 75-1.1, 75-102, and 75-104.

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Plaintiff, including, *inter alia*, an order prohibiting the Defendants from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages **for violations stated and any future violations through the end of this litigation;**

E. An award of treble damages **for violations stated and any future violations through the end of this litigation; and**

F. An award of reimbursement of attorney, court and filing fees/costs.

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

This ___ day of January, 2022.

Tammy McCrae-Coley
TammyColeyjd@gmail.com
1400 Battleground Ave.
Suite 116 – L
Greensboro, NC 27408
336-491-3163

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually prays for the following relief:

A. An order declaring that Defendant's actions set out above, violate, violate 47 U.S.C § 227(b) and (c);

B. An order declaring that Defendant's actions, as set out above, violate N.C. Gen. Stat. § 66-261, 75-1.1, 75-102, and 75-104.

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Plaintiff, including, *inter alia*, an order prohibiting the Defendants from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages **for violations stated and any future violations through the end of this litigation;**

E. An award of treble damages **for violations stated and any future violations through the end of this litigation; and**

F. An award of reimbursement of attorney, court and filing fees/costs.

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

This _24th__ day of March, 2022.

Tammy McCrae-Coley
TammyColeyjd@gmail.com
1400 Battleground Ave.
Suite 116 – L
Greensboro, NC 27408
336-491-3163

## CERTIFICATE OF SERVICE

This is to certify that the undersigned Plaintiff has this day served the foregoing **Plaintiff's 2nd Amended Complaint** on STARTER HOME PROGRAMS INC. dba RENTOOWNHOMEFINDER.COM, STARTER HOME INVESTING INC. dba RENTOOWNHOMEFINDER.COM, STARTER HOME PROGRAMS INC. dba LENDING CLOUD HOMES, STARTER HOME INVESTING INC. dba LENDING CLOUD HOMES, NATIONS INFO CORPORATION dba CREDITREVIEW.CO, NATIONS INFO CORPORATION dba YOURCREDITSCOREANDMORE.COM, RENT TO OWN CORP. dba Yourrent2own.com, XANADU MARKETING, INC individually (Assumed Name APEX PAGE BUILDER), and dba CLOUDBASEDPERSONALLOANS.COM and XANADUTRACKING.COM, and INSURANCE-REVIEWED.COM By depositing a copy hereof, postage prepaid, in the United States Mail, addressed to the following:

Attorney Edward Winkler
Starter Home Programs, Inc.
dba Renttoownhomefinders.com
956  3 Mile Road N.W.
Grand Rapids, MI 49544

Attorney Edward Winkler
Starter Home Programs, Inc.
dba Lending Cloud Homes
956  3 Mile Road N.W.
Grand Rapids, MI 49544

Attorney Edward Winkler
Starter Home Investing, Inc.

Attorney Edward Winkler
Starter Home Investing, Inc.

dba Renttoownhomefinders.com

956  3 Mile Road N.W.

Grand Rapids, MI 49544

Attorney Edward Winkler

Xanadu Marketing, Inc.

dba Apex Page Builder

956  3 Mile Road N.W.

Grand Rapids, MI 49544

Attorney Edward Winkler

Xanadu Marketing, Inc

dba XanaduTracking.com

956  3 Mile Road N.W.

Grand Rapids, MI 49544

William M. Butler

Mark A. Nebrig

Get Rent To Own Corp

dba Yourrent2own.com

MOORE & VAN ALLEN, PLLC

100 North Tryon Street, Floor 47

Charlotte, NC 28201-4003

Telephone: (704) 331-1000

marknebrig@mvalaw.com

billbutler@mvalaw.com

William M. Butler

Mark A. Nebrig

dba Lending Cloud Homes

956  3 Mile Road N.W.

Grand Rapids, MI 49544

Attorney Edward Winkler

Xanadu Marketing, Inc.

dba Cloudbasedpersonalloans.com

956  3 Mile Road N.W.

Grand Rapids, MI 49544

Attorney Edward Winkler

Xanadu Marketing, Inc.

956  3 Mile Road N.W.

Grand Rapids, MI 49544

Attorney Edward Winkler

Insurance-Reviewed.com

956  3 Mile Road N.W.

Grand Rapids, MI 49544

William M. Butler

Mark A. Nebrig

Nations Info Corporation
dba Yourscoreandmore.com
MOORE & VAN ALLEN, PLLC
100 North Tryon Street, Floor 47
Charlotte, NC 28201-4003
Telephone: (704) 331-1000
marknebrig@mvalaw.com
billbutler@mvalaw.com

Nations Info Corporation
dba Creditreview.co
MOORE & VAN ALLEN, PLLC
100 North Tryon Street, Floor 47
Charlotte, NC 28201-4003
Telephone: (704) 331-1000
marknebrig@mvalaw.com
billbutler@mvalaw.com

This the _24th__ day of March 2022.

Tammy McCrae-Coley
TammyColeyjd@gmail.com
1400 Battleground Ave.
Suite 116 – L
Greensboro, NC 27408
336-491-3163