IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TAMMY MCCRAE-COLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-CV-666 |
| | ) | |
| STARTER HOMES PROGRAMS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON SERVICE OF PROCESS

This lawsuit began in the Superior Court of Guilford County on July 6, 2021, when the plaintiff, Tammy McCrae-Coley, filed a paper writing labeled as an amended complaint against several defendants alleging violations of the Telephone Consumer Protection Act and similar North Carolina statutes. *See* Doc. 1-1, Doc. 4 at 10–13. There is nothing of record to show that any other complaint was filed earlier in state court.

Two of the named defendants, Nations Info Corp. and Get Rent to Own Corp., timely removed the case to this court on August 27, 2021, based on federal question jurisdiction. Doc. 1 at ¶¶ 4–5. These two defendants promptly filed an answer. *See* Doc. 10.

There are two other defendants named in the Amended Complaint: Starter Home Investing Inc. and Starter Home Programs Inc. *See* Doc. 4. As best the Court can tell, Ms. McCrae-Coley has not obtained service of process on these defendants. *See* discussion *infra*. Neither has filed an answer or other responsive pleading, though

someone purportedly acting on their behalf did make an effort to obtain more time to respond when the case was in state court. *See* Doc. 13-2.

After removal, Ms. McCrae-Coley took no steps to move the case forward. After the Clerk's office provided her with notice that she had failed to make service within 90 days, *see* Doc. 11, Ms. McCrae-Coley filed an affidavit purporting to show service on the two Starter Home defendants. *See* Doc. 13. The Clerk thereafter asked Ms. McCrae-Coley to notify the Clerk's office within ten days of how she wished to proceed as to the defendants who had not answered. Doc. 14.

While Ms. McCrae-Coley did not respond or provide any information as to how she wished to proceed against the Starter Home defendants, she did seek leave to file an amended complaint to add two new defendants. *See* Doc. 15. After that motion was granted, Text Order 03/18/2022, she filed a paper writing labeled as "2nd Amended Complaint" on March 24, 2022. Doc. 18. In this complaint, she asserted claims against the original four defendants and against two new defendants: Xanadu Marketing, Inc. and Insurance-Reviewed.Com. *Id.* On April 4, 2022, the Clerk issued summonses to all the defendants at Ms. McCrae-Coley's request. *See* Doc. 19.

## I.    Service of Process

"Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (cleaned up). "Absent effective service of process, a court is without jurisdiction to render a personal judgment against a defendant." *Fed. Deposit Ins. Corp. v. Schaffer*,

2

731 F.2d 1134, 1135–36 (4th Cir. 1984); *see also Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant.").

The rules of service of process "apply equally to litigants proceeding with or without counsel." *Shaver v. Cooleemee Volunteer Fire Dep't*, No. 07-CV-00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McDaniel v. Greyhound Lines, Inc.*, No. 08-CV-130, 2008 WL 2704774, at *4 (W.D.N.C. July 7, 2008) ("Although [the plaintiff] is proceeding pro se and in forma pauperis, she is held to the same standards regarding service of process . . . ."). The rules on service of process may be technical, and liberal construction is appropriate when a defendant receives actual notice, *see, e.g.*, *Jackson v. Warning*, No. 15-CV-1233, 2016 WL 520947, at *2 (D. Md. Feb. 5, 2016), but compliance is still required. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *see also Scott v. Md. State Dep't of Lab.*, 673 F. App'x 299, 305 (4th Cir. 2016) (per curiam) (noting that "[a]ctual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a *pro se* plaintiff").

"[P]roof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). Service must be obtained within 90 days after a complaint is filed. *See* Fed. R. Civ. P. 4(m). If service is not obtained, dismissal is ordinarily appropriate, after notice to the plaintiff and absent good cause for the failure. *See id.*

## II.     The Starter Home Defendants

As best the Court can tell, Ms. McCrae-Coley has not obtained valid service of process on Starter Home Investing Inc. and Starter Home Programs Inc. First, the summonses refer to a "complaint," *see* Doc. 13-1, not the paper writing entitled "amended complaint" with which Ms. McCrae-Coley actually initiated her lawsuit. *See* Doc. 4. It is not clear that the relevant pleading was served. More obviously, there is no showing that the person named in the summons and to whom the summons and complaint were mailed was an appropriate person to receive service on behalf of these defendants.

In response to an earlier notice advising Ms. McCrae-Coley that she needed to prove service, *see* Doc. 11, she filed a paper writing entitled "Plaintiff's Proof of Service on All Defendants." Doc. 13. It shows that Ms. McCrae-Coley signed affidavits of service of process and filed them in the Superior Court before the case was removed. *See* Doc. 13-1.

These summonses were directed to and for the most part received by "Attorney Edward Winkler, Starter Home Programs Inc.," *id.* at 2, 8; "Edward Winkler, Starter Home Investing Inc.," *id.* at 3; "Edward Winkler, Starter Home Inv – Lending Cloud," *id.* at 4; and "Edward Winkler, Starter Home Investing - Rent." *Id.* at 6, 10. There has been no showing that Mr. Winkler is an appropriate agent for service on these corporations under either the federal rules, *see* Fed. R. Civ. P. 4(h) (authorizing service by appropriate means on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"), or state rules. *See* N.C. R. Civ. P. 4(j)(6) (authorizing service by appropriate means on "an officer, director, or managing

4

agent of the corporation"). The available evidence shows only that Mr. Winkler is "corporate counsel" for these defendants. *See* Doc. 13-2 at 2. This is not an adequate showing. *See generally Wiles v. Welparnel Constr. Co.*, 295 N.C. 81, 84–85, 243 S.E.2d 756, 757–58 (1978) (discussing summons to and service on corporations through agents).

It may be that service of process has been obtained pursuant to some other applicable part of the state or federal rules of civil procedure. But no such showing has been made, nor has Ms. McCrae-Coley sought more time to make an appropriate showing. Given, however, that she has made some efforts to obtain service and to show proof of service, and given that the defendants appear to have received actual notice of the lawsuit, *see* Doc. 13-2, the Court will give her 45 days to obtain valid service of process if she has not already done so and to show proof of service of process. *See* Fed. R. Civ. P. 4(m) (authorizing the court, on its own motion, to order service be made within a specified time). In addition to filing her proof of service, Ms. McCrae-Coley must file a brief explaining which provisions of the state or federal rules she followed and met in obtaining service.

If Ms. McCrae-Coley fails to file proof of service and a brief, her claims against these defendants will be dismissed without further notice.

Ms. McCrae-Coley is advised that under the Federal Rules of Civil Procedure, it is well established that a party to the litigation cannot effect service. *See, e.g., Thomas v. Nelms*, No. 09–CV–491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013) (citing Fed. R. Civ. P. 4(c)(2)). It is not the Court's job to tell Ms. McCrae-Coley how to obtain

5

service of process, and she is directed to consult the applicable rules and follow them carefully. There may be other pitfalls.

Ms. McCrae-Coley is further advised that if she has obtained service of process, she is expected to move forward with her claims against those defendants whether they answer or not. If a defendant fails to answer or otherwise respond after valid service, a motion for entry of default or some other action must be taken. Failure to take any action as to defendants who are validly served but do not answer puts Ms. McCrae-Coley at risk of dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Her failure to respond to inquiries from the Clerk's office indicates a lack of seriousness about this litigation, as does her failure to keep the Clerk advised of her current mailing address. *See* Doc. 12, Doc. 17.

### III. Xanadu Marketing and Insurance-Reviewed

After filing the pleading entitled "2nd Amended Complaint" on March 24, 2022, Ms. McCrae-Coley asked the Clerk to issue summonses to these new defendants, which the Clerk did. *See* Doc. 19. Pursuant to Rule 4(m), Ms. McCrae-Coley has 90 days to obtain service on the new defendants, Xanadu Marketing, Inc. and Insurance-Reviewed.Com., and to show proof of such service. Fed. R. Civ. P. 4(m). From the face of the recently-issued summonses, which are also directed to Mr. Winkler, one cannot tell if Mr. Winkler is an appropriate agent or person for service of process.

Given the long delays resulting from Ms. McCrae-Coley's failure to pursue her claims, the Court does not anticipate extending the time to obtain service in the absence of a strong showing of good cause. If Ms. McCrae-Coley does not file proof of valid

6

service within 90 days, which should include an explanation of the applicable rule she followed to obtain valid service, or file a motion to extend the time, her claims against Xanadu and Insurance-Reviewed may be dismissed without prejudice.

## IV. Conclusion

Absent proper service, the Court has no jurisdiction to act against a defendant. It is Ms. McCrae-Coley's job to obtain valid service and to provide proof of valid service. If she does not do so within the times established in this order, her claims against the unserved defendants will be dismissed without prejudice.

This case is nine months old and has barely begun to creep toward final resolution. The Court has otherwise entered an order to get the case moving as to the two defendants who have filed answers. *See* Text Order 04/14/2022. The parties are advised that the Court expects them to move the case forward expeditiously.

It is **ORDERED that:**

1. No later than June 2, 2022, Ms. McCrae-Coley shall file proof of valid service on defendants Starter Home Investing Inc. and Starter Home Programs Inc. and a brief identifying the specific rule upon which she relies to show service is proper.

2. No later than June 22, 2022, Ms. McCrae-Coley shall file proof of valid service on defendants Xanadu Marketing, Inc. and Insurance-Reviewed.Com, and the proof of service shall identify the specific rule or rules upon which she relies to show service is proper.

7

3. If Ms. McCrae-Coley does not comply with any part of this Order or fails to obtain valid service in a timely manner, her claims against the unserved defendants will be dismissed without prejudice in the absence of a showing of good cause.

This the 18th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE