IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TAMMY MCCRAE-COLEY, )
)
            Plaintiff, )
)
v. )
)   1:21CV666
STARTER HOME PROGRAMS, INC., )
et al., )
)
            Defendants. )

## ORDER

This matter is before the Court upon Plaintiff's Motion requesting permission to participate in electronic case filing in this case. (Docket Entry 43.) This Court's Local Rules allow *pro se* parties to register to be an electronic filer upon the Court's approval. *See* M.D.N.C. LR 5.3(c)(2) ("Upon the approval of the assigned Judge, a party to a case who is not represented by an attorney may register as an CM/ECF Filing User in the CM/ECF System solely for the purpose of the action."). In addition, the Court's Electronic Case Filing Administrative Policies and Procedures Manual dated January 12, 2021, § B(4), provides that *pro se* parties may, upon approval of the Court, register to be an ECF filing user by using the form supplied by the Clerk. The Court's website includes links to the Court's Local Rules, as well as information regarding the mandatory training required before users may be issued a login ID and password for the CM/ECF System.[1]

---

[1] *See* www.ncmd.uscourts.gov/cmecf-training (last visited August 1, 2022) ("[C]ourt-approved *pro se* filers, who have not attended training in another federal district or bankruptcy court, are required to attend training before being issued a login ID and password.")

Having considered Plaintiff's Motion, the Court finds good cause to allow Plaintiff to register for the CM/ECF System after Plaintiff reviews the pertinent information (including CM/ECF's Administrative Policies and User Manuel), submits the necessary forms, and completes the mandatory training provided by the Clerk.

This matter is also before the Court for an evaluation of whether the Scheduling Order should be supplemented in light of the setting aside of entry of default against several Defendants. (*See* Text Order dated 8/1/2022.) In their motion to set aside entry of default, counsel for the movants agreed to the Joint Rule 26(f) Report and indicated that the movants were "ready to proceed according to the same [discovery] timeline as the other parties in this case." (Docket Entry 34 at 24.) This Court relied upon such representations in setting aside entry of default. (*See* Text Order dated 8/1/2022.) Accordingly, the undersigned finds no reason to alter the discovery order nor continue the April 2023 trial date in this matter.

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion requesting permission to participate in electronic case filing in this case (Docket Entry 43) is **GRANTED** to the extent that Plaintiff is instructed to review the pertinent information (including CM/ECF's Administrative Policies and User Manuel), submit the necessary forms, and complete the mandatory CM/ECF training provided by the Clerk to gain access to electronic filing. Plaintiff's registration to the CM/ECF System shall be solely for the purpose of the instant action. Plaintiff shall contact the Clerk's office for further instructions.

**IT IS FURTHER ORDERED** that discovery as set forth in the June 2022 scheduling order shall remain unchanged, with an overall discovery deadline of October 21, 2022.

2

Case 1:21-cv-00666-CCE-JLW   Document 45   Filed 08/02/22   Page 2 of 3

_____
Joe L. Webster
United States Magistrate Judge

August 2, 2022
Durham, North Carolina