IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TAMMY MCCRAE-COLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-666 |
| | ) | |
| STARTER HOMES PROGRAMS INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANTS STARTER PROGRAMS HOMES, INC.,
STARTER HOME INVESTING, INC., XANADU MARKETING, INC.,
AND INSURANCE-REVIEWED.COM**

Defendants Starter Programs Homes, Inc., d/b/a renttoownhomefinder.com and Lending Cloud Homes; Starter Home Investing, Inc., d/b/a renttoownhomefinder.com and Lending Cloud Homes; Xanadu Marketing, Inc., individually (assumed name Apex Page Builder), d/b/a cloudbasedpersonalloans.com and xanadutrucking.com; and Insurance-Reviewed.com (collectively hereinafter, "Defendants" or "answering Defendants"),[1] hereby respond to Plaintiff's Second Amended Complaint (D.E. #18) (the "SAC" or "Complaint") as follows:

---

[1] Defendants Nations Info Corp., d/b/a creditreview.co and yourscoreandmore.com, and Get Rent to Own Corp., d/b/a yourrent2own.com, have previously answered through separate counsel and are not included within the term "Defendants" as used in this answer, unless indicated otherwise.

## **FIRST DEFENSE**

The unnumbered introductory paragraphs of Plaintiff's SAC contain allegations of fact along with legal conclusions and legal arguments. No response is required to these legal conclusions and legal arguments. To the extent that a response is required, Defendants deny the allegations. The allegations of fact in the unnumbered introductory paragraphs are expressly denied.

## **Jurisdiction and Venue**

1. Paragraph 1 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 1 of the SAC, and in particular Defendants deny that Plaintiff has standing to bring this case, which thereby renders the Court without jurisdiction over her claims.

2. Paragraph 2 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 2 of the SAC, and in particular Defendants deny that Plaintiff has standing to bring this case, which thereby renders the Court without jurisdiction over her claims.

3. Paragraph 3 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 3 of the SAC, and in particular Defendants deny that Plaintiff has standing to bring this case, which thereby renders the Court without jurisdiction over her claims. Defendants are otherwise without sufficient information or knowledge to admit or deny Plaintiff's allegations regarding the propriety of venue in this Court, and therefore those allegations are deemed denied.

4. Paragraph 4 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 4. It is expressly denied that Defendants engaged in any wrongful conduct that was either in, directed to, or connected with this or any other judicial district.

5. Paragraph 5 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 5 of the SAC, and in particular Defendants deny that Plaintiff has standing to bring this case, which thereby renders the Court without jurisdiction over her claims. Defendants are otherwise without sufficient information or

3

knowledge to admit or deny Plaintiff's allegations regarding the propriety of venue in this Court, and therefore those allegations are deemed denied.

6. Defendants deny that Plaintiff has suffered any form of damages, statutory or otherwise, in any amount.

**Parties**

7. Upon information and belief, admitted.

8. Upon information and belief, admitted.

9. Paragraph 9 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 9.

10. Paragraph 10 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 10.

11. Admitted.

12. The allegations of paragraph 12 are not directed to these answering defendants, and these answering defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore they are deemed denied.

4

13. The allegations of paragraph 13 are not directed to these answering defendants; these answering defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore they are deemed denied.

14. Admitted only that they are Michigan businesses, and otherwise denied. The domains listed are not assumed names that defendants do business under, and the address is incorrect. Except as expressly admitted, denied.

15. Denied.

16. Paragraph 16 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 16.

17. Paragraph 17 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 17.

## Factual Allegations

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of the SAC, and therefore they are deemed denied.

5

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of the SAC, and therefore they are deemed denied.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20 of the SAC, and therefore they are deemed denied.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21 of the SAC, and therefore they are deemed denied.

22. Admitted.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23 of the SAC, and therefore they are deemed denied. It is expressly denied that any of these answering Defendants ever engaged in communicating any misleading information to Plaintiff or anyone else.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24 of the SAC, and therefore they are deemed denied. It is expressly denied that any of these answering Defendants contacted Plaintiff in a manner not allowed by law.

25. Paragraph 25 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25 of the SAC, and therefore they are deemed denied. It is expressly denied that any of these answering Defendants contacted Plaintiff in a manner not allowed by law.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26 of the SAC, and therefore they are deemed denied. It is expressly denied that any of these answering Defendants contacted Plaintiff in a manner not allowed by law.

27. Upon information and belief, denied.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28 of the SAC, and therefore they are deemed denied. It is expressly denied that any of these answering Defendants contacted Plaintiff in a manner not allowed by law.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 of the SAC, and therefore they are deemed denied. It is expressly denied that any of these answering Defendants contacted Plaintiff in a manner not allowed by law.

30. Upon information and belief, denied.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31 of the SAC, and therefore they are deemed denied.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32 of the SAC, and therefore they are deemed denied.

33. Denied

34. Denied.

35. Admitted only that Edward Winkler is the Registered Agent for Defendants. Except as expressly admitted, denied.

36. Admitted.

37. Denied that Defendants were unable to provide proof of prior consent. Admitted only that Plaintiff filed her Complaint.

38. Plaintiff failed to provide a Paragraph 38; therefore, no answer is required.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 39, and therefore they are deemed denied.

8

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40 of the SAC, and therefore they are deemed denied.

41. Denied; Defendants specifically deny all allegations that they violated any law willfully or knowingly.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42 of the SAC, and therefore they are deemed denied.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 43 of the SAC, and therefore they are deemed denied. Defendants specifically deny all allegations that they violated any law willfully or knowingly.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 44 of the SAC, and therefore they are deemed denied.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 45 of the SAC, and therefore they are deemed denied.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 46 of the SAC, and therefore they are deemed denied.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 47 of the SAC, and therefore they are deemed denied.

48. Paragraph 48 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 49 of the SAC, and therefore they are deemed denied. Defendants reserve the right to move to strike any redundant, immaterial, impertinent, or scandalous matter under Rule 12(f) of the Federal Rules of Civil Procedure.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 50 of the SAC, and therefore they are deemed denied.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 51 of the SAC, and therefore they are deemed denied.

10

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 52 of the SAC, and therefore they are deemed denied.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 53, and therefore they are deemed denied.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 54 of the SAC, and therefore they are deemed denied.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 55 of the SAC, and therefore they are deemed denied.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 56 of the SAC, and therefore they are deemed denied.

57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57 of the SAC, and therefore they are deemed denied.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58 of the SAC, and therefore they are deemed denied.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 59 of the SAC, and therefore they are deemed denied.

60. Denied.

61. Paragraph 61 of the SAC states legal conclusions and legal arguments to which no response is required.  To the extent that a response is required, the allegations of Paragraph 61 are denied.

62. Denied.

63. Except for the fact that short code 33959 is assigned to an assumed name of two of these answering Defendants, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 63 of the SAC, and therefore they are deemed denied.  Defendants reserve the right to move to strike any redundant, immaterial, impertinent, or scandalous matter under Rule 12(f) of the Federal Rules of Civil Procedure, including this paragraph of the SAC.

64. Paragraph 64 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 64 are denied.

65. Denied.

66. Paragraph 66 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 66 are denied.

67. Denied.

68. Denied.

69. Denied.

70. Paragraph 70 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 70 are denied.

71. Paragraph 71 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 71 are denied.

72. Upon information and belief, denied.

73. Paragraph 73 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 73 are denied.

74. Denied.

75. Denied.

76. Denied.

77. Paragraph 77 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 77 are denied.

78. Paragraph 78 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 78 are denied.

79. Paragraph 79 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 79 are denied.

80. Paragraph 80 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 80 are denied.

81. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 81 of the SAC, and therefore they are deemed denied.

82. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 82 of the SAC, and therefore they are deemed denied.

83. Denied.

84. Denied.

85. Denied, including all subparts.

86. Denied; it is expressly denied that Plaintiff has standing to bring this suit.

## First Cause of Action

87. Defendants incorporate herein by reference their responses to the proceeding allegations as if set forth fully here.

88. Denied.

89. Upon information and belief, admitted the number is a cellular phone that Plaintiff uses and advertises for business and commercial purposes for her business.

90. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 90 of the SAC, and therefore they are deemed denied.

91. Paragraph 91 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants, the allegations of Paragraph 91 are denied.

15

92. Denied.

93. Denied.

## Second Cause of Action

94. Defendants incorporate herein by reference their responses to the proceeding allegations as if set forth fully here.

95. Denied.

96. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 96 of the SAC, and therefore they are deemed denied.

97. Upon information and belief, denied.

98. Denied.

99. Denied.

## Third Case of Action

100. Defendants incorporate herein by reference their responses to the proceeding allegations as if set forth fully here.

101. Denied.

102. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 102 of the SAC, and therefore they are deemed denied.

103. Denied.

104. Denied.

105. Denied.

## Fourth Cause of Action

106. Defendants incorporate herein by reference their responses to the proceeding allegations as if set forth fully here.

107. Denied.

108. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 108 of the SAC, and therefore they are deemed denied.

109. Denied.

110. Denied.

111. Denied.

## Fifth Cause of Action

112. Defendants incorporate herein by reference their responses to the proceeding allegations as if set forth fully here.

113. Paragraph 113 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 113 are denied.

17

114. Paragraph 114 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 114 are denied.

115. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 115 of the SAC, and therefore they are deemed denied.

116. Paragraph 116 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 116 are denied.

117. Paragraph 117 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 117 are denied.

118. Paragraph 118 of the SAC states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 116 are denied. It is expressly denied that these answering Defendants have violated any law and thereby caused injury to Plaintiff.

## Sixth Cause of Action

119. Defendants incorporate herein by reference their responses to the proceeding allegations as if set forth fully here. Furthermore, the factual

18

allegations of Paragraph 119 are denied. Paragraph 119 states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 119 are denied.

120. Paragraph 120 states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 120 are denied.

121. Denied.

122. Paragraph 122 states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 122 are denied.

123. Denied.

124. Paragraph 124 states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, the allegations of Paragraph 124 are denied.

125. Denied. These answering defendants expressly deny that they engage in an unfair or deceptive trade practice or misrepresented information about themselves or their services.

## Prayer for Relief

Defendants expressly deny that Plaintiff is entitled to any of the relief sought in her prayer for relief.

Each and every allegation of Plaintiff's SAC not specifically responded to by Defendants is hereby denied. Defendants expressly deny that they are liable to Plaintiffs for any of the claims made in her SAC and expressly state that Plaintiff should have and recover nothing from them.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense or that any of the following is not already at issue by virtue of the Plaintiff's allegation or the responses thereto, Defendants hereby assert the following defenses:

## SECOND DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants assert that, in whole or in part, Plaintiff's SAC states mere legal conclusions without sufficient factual support necessary to allege a cause of action and thereby fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants assert that Plaintiff has used the telephone number in

20

question for commercial and business purposes and advertised it as her business number. Therefore, she lacks standing to bring this suit, the Court lacks subject matter jurisdiction over her asserted causes of action, and the SAC fails to state a claim on which relief can be granted.

## FOURTH DEFENSE

Defendant asserts that Plaintiff's SAC is barred, in whole or in part, by the doctrines of laches, waiver, consent, estoppel, unclean hands, and/or *in pari delicto*. In particular, Plaintiff consented to, invited, or otherwise caused any communications at issue, which thereby bars her recovery.

## FIFTH DEFENSE

It is further alleged that Plaintiff has sustained no legally cognizable injury and that the actions or omissions of these answering Defendants were not the proximate cause of any damages or injury to Plaintiff. To the extent she has suffered any damages or injuries, said damages or injuries were the result of third parties or Plaintiff herself.

## SIXTH DEFENSE

Plaintiff has failed to mitigate her damages, if any, and therefore is barred from recovery or should have any recovery reduced appropriately.

## SEVENTH DEFENSE

If Defendants are found at fault, which fault is again denied, then such fault was at most passive and secondary, and the primary and active fault of others was the intervening, insulating, and superseding proximate cause of Plaintiff's injuries. Such intervening cause is pleaded in defense of this action.

## EIGHTH DEFENSE

To the extent the SAC can be read to seek an award of punitive damages, Plaintiff's complaint fails to state a claim for punitive damages, and an award of punitive damages would violate the First and Fourteenth Amendments to the United States Constitutes, as well as the parallel provisions of the North Carolina Constitution and N.C. Gen. Stat. § 1D-1 *et seq*.

The limits on punitive damages established by N.C. Gen. Stat. § 1D-25 are also hereby expressly pleaded and invoked as a limit on any recovery by Plaintiff in this action.

Defendants further provide notice of the intent to seek recovery of attorney's fees for a frivolous or malicious punitive damages claim under N.C. Gen. Stat. § 1D-45 if Plaintiff seeks punitive damages.

## NINTH DEFENSE

Plaintiff's claims for relief violate the due process rights of these answering Defendants.

## TENTH DEFENSE

To the extent that Plaintiff's claims arise from the conduct of third parties or herself, Defendants deny any and all liability.

## ELEVENTH DEFENSE

To the extent any violation was the result of error and that as part of the routine business practices of Defendants, or any of them, such practices meet the requirements of 47 C.F.R. § 64.1200(c)(2)(i)-(iii), Plaintiff's claims are barred, in whole or in part.

## TWELFTH DEFENSE

Defendants assert to the maximum extent possible the protections of the safe harbor provisions provided for in the Telephone Consumer Protection Act, the North Carolina Telephone Solicitation Act, and their accompanying regulations.

Defendants currently have insufficient knowledge or information upon which to form a belief as to whether they may have additional and, as of yet, unstated affirmative defenses available. Therefore, Defendants hereby respectfully reserve the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

## CONCLUSION

WHEREFORE, Defendants Starter Programs Homes, Inc., Starter Home Investing, Inc., Xanadu Marketing, Inc., and Insurance-Reviewed.com respectfully pray that this Court grant it the following relief:

1. That their answer be accepted by the Court and be deemed timely filed;

2. That Plaintiff have and recovery nothing, that judgment be entered in favor of Defendants, and that Plaintiff's Second Amended Complaint be dismissed with prejudice;

3. That costs of this action be taxed against Plaintiff;

4. That Defendants have and recover costs of the action, including attorneys' fees, as allowed by law;

5. That Defendant have such other and further relief as the Court deems just and proper

Respectfully submitted, this the 4th day of August, 2022.

BY: /s/B. Tyler Brooks
B. Tyler Brooks (N.C. Bar No. 37604)
Attorney for Starter Homes Defendants
LAW OFFICE OF B. TYLER BROOKS, PLLC
P.O. Box 10767
Greensboro, North Carolina 27404
Telephone: (336) 707-8855
Fax: (336) 900-6535
Email: btb@btylerbrookslawyer.com

24

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on August 4, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including the counsel of record for the co-defendants indicated below. It has also been mailed via First Class U.S. Mail to the *pro se* plaintiff at the below physical addresses.

/s/B. Tyler Brooks
B. Tyler Brooks

**SERVED:**

Tammy McCrae-Coley
1400 Battleground Avenue
Suite 116-L
Greensboro, NC 27408

*Pro se Plaintiff*

Mark A. Nebrig
William M. Butler
MOORE & VAN ALLEN, PLLC
100 North Tryon Street, Floor 47
Charlotte, NC 28202-4003
marknebrig@mvalaw.com
billbuter@mvalaw.com

25

Sean M. Sullivan
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566
seansullivan@dwt.com

*Counsel for Defendants Nations Info Corp.*
*d/b/a Creditreview.com and*
*YourScoreandMore.com and*
*Get Rent to Own Corp.*
*d/b/a Yourrent2own.com*

26