IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TAMMY MCCRAE-COLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STARTER HOMES PROGRAMS INC., ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 1:21-cv-666 |

**STARTER HOMES DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION *IN LIMINE***

Pursuant to the Federal Rules of Evidence, Federal Rules of Civil Procedure, and the Court's orders, Defendants Starter Programs Homes, Inc., d/b/a renttoownhomefinder.com and Lending Cloud Homes; Starter Home Investing, Inc., d/b/a renttoownhomefinder.com and Lending Cloud Homes; Xanadu Marketing, Inc., individually (assumed name Apex Page Builder), d/b/a cloudbasedpersonalloans.com and xanadutrucking.com; and Insurance-Reviewed.com (collectively hereinafter, "Starter Homes Defendants" or "Defendants") hereby file this brief in support of their contemporaneously filed motion *in limine*.

**NATURE OF THE MATTER**

Plaintiff brings an action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; N.C. Gen. Stat. § 75-102; N.C. Gen. Stat. § 75-104(a); N.C. Gen. Stat. § 66-261; and the North Carolina

Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.* The gravamen of her claims is that the Defendants unlawfully contacted her by telephone calls and text messages.

Defendants deny that they impermissibly contacted her. Instead, Defendants contend that Plaintiff opted into being contacted via a website maintained by certain of the Defendants.

## FACTUAL ALLEGATIONS

Plaintiff alleges that the Starter Homes Defendants violated state and federal telemarketing laws by contacting her cell phone without her consent. Plaintiff alleges that on several occasions one or more of the Starter Homes Defendants called or texted Plaintiff's cell phone, which she says is a residential line and listed on the federal "Do Not Call" registry. (D.E. #18: Pl.'s Sec. Am. Compl. ("SAC") ¶¶ 19-30.)

Plaintiff denies that she ever opted in to receiving communications from Defendants, even though her complaint acknowledges that when she contacted the registered agent for the Starter Homes Defendants he stated that she had opted in to contact. (SAC ¶¶ 33-34.). She further contends that she requested of the registered agent that she be removed from their solicitation lists and that he said they would do so, but she nonetheless has received communications afterwards. (*Id.* ¶¶ 39-48.)

2

Research by the Starter Homes Defendants into their records has produced evidence that Plaintiff (or at least someone using her name and other identifying information) opted in to receiving communications from them, including telephone calls and text messages. (Ex. #33-2: Ex. B to Defs.' Mot. to Set Aside Default – Decl. of Edward Winkler ("Winkler Decl.") ¶ 5.)

Research into Plaintiff's background shows substantial evidence that Plaintiff has used the telephone number at issue in this case for her own businesses (*i.e.*, work as a mortgage specialist) and listed it as a business contact number. (*Id.* ¶ 7.)

## QUESTION PRESENTED

Whether the Court should preclude evidence and arguments related to the following:

a) Plaintiff's late-disclosed evidence;

b) Any alleged actual injury or harm (including physical, psychological/emotional, and economic harm) to Plaintiff;

c) Settlement discussions among the parties;

d) Joe Delfgauw's real estate licenses; and

e) "Sending a message" or invoking the Golden Rule.

## ARGUMENT

### I. PLAINTIFF'S LATE-DISCLOSED EVIDENCE SHOULD BE EXCLUDED.

The Court ordered that all discovery in this case be concluded by October 21, 2022. (*See* D.E. #45: Order of Aug. 2, 2022.) On January 9, 2023, Plaintiff disclosed, for the first time, several items in her pretrial disclosures and a supplemental response to Defendants' request for any documents Plaintiff. (*See* D.E. #52: Pl.'s Pretrial Disclosures; Ex. A: Pl.'s Suppl. Response to Req. for Prod. Doc. No. 2.) These newly-disclosed exhibits are untimely and should be excluded from evidence at trial.[1]

The specific documents to which Defendants object on the grounds of untimeliness are as follows:[2]

- A video file labeled with the date of May 21, 2021;
- A video file identified as "ApexPageBuilder video;"
- A copy of the complaint and a motion filed by a different plaintiff in a different federal civil action involving some of the Defendants;

---

[1] When Defendants saw that Plaintiff had added to her discovery responses and trial exhibits, Defendants likewise added to their pretrial disclosures a single, one-page exhibit (a screenshot) showing recently discovered information. Defendants recognize, of course, that fairness certainly dictates excluding this exhibit (SHD 00046: Opt-In Showing "Tammy Cooley") if Plaintiff's new exhibits are excluded.

[2] An additional document (the email of June 28, 2021, to Plaintiff from Defendants' Corporate Counsel) provided on January 10, 2022, should be excluded because it discusses settlement.

4

- A copy of the terms of service for the website www.beenverified.com;

- A copy of the sentencing memorandum and criminal judgment in a case involving Joe Delfgauw as the defendant;

- A copy of the decision denying restoration of Joe Delgauw's real estate license;

- A document purporting to be a copy of a Bank of America bank statement for Starter Home Investing, Inc.;

- A page from Melissa.com suggesting it was printed October 23, 2022;

- A video labeled "Renttoownhomefinder screen finder and Defs;"

- Information printed from the internet concerning certain of the Defendants from the Better Business Bureau;

- A PDF file of various photos labeled "Starter homes Renttownhomefinder stock photo;" and

- A video that appears to be a recording of a video on Facebook of part of a seminar being taught by Joe Delgauw, but that later navigates away from Facebook to other sites while Mr. Delgauw's voice continues.

Each of the videos appears to have been taken by Plaintiff while she navigated particular websites, and one video includes narration and commentary from Plaintiff.

5

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The trial court has broad discretion to determine whether evidence that is untimely should be excluded. *See Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) (citations and quotation marks omitted). ("District courts are accorded broad discretion in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless."). In exercising this discretion, the Fourth Circuit has directed that the following be considered: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

Here, Defendants had no notice of Plaintiff's intent to provide these additional documents, and Plaintiff has not sought leave to extend the discovery deadline so as to make her disclosures timely. Additionally, as to certain exhibits, their relevance and overall significance are far from clear. If

6

these specific items had been provided prior to Plaintiff's deposition, they could have questioned her about their relevance and their authenticity (including how Plaintiff made the videos in question), but discovery is now closed with Plaintiff having been deposed last October.

Several items are also rank hearsay for which an exception does not readily suggest itself. This is particularly true for the documents from other litigation (including the criminal sentencing memorandum), online reviews from the BBB, the purported bank statement, photographs from a stock photo website, printouts from beenverified.com and Melissa.com, and Plaintiff's narrative video. *See* Fed. R. Evid. 802 (generally providing that "[h]earsay is not admissible"). Defendants also intend to serve specific objections on these grounds under Rule 26(a)(3) by the Court's deadline.

Reconvening Plaintiff's deposition to ask her about these exhibits would be costly, and such action would be difficult to work into the pretrial schedule before the March 4 trial date. The only remedy is to exclude these newly disclosed items, especially since they are of marginal significance.

## II. PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY EVIDENCE OF ACTUAL INJURY OR HARM.

Plaintiff has offered no evidence that she has suffered any physical, emotional/psychological, or economic injury as a result of Defendants' alleged conduct. Instead, Plaintiff has limited her claims to the statutory damages

7

made available by the laws under which she sues. (*See* Ex. B: Pl.'s Dep. 89:20-93:8.)

Given these concessions, Plaintiff should not be allowed to present evidence on, or ask the jury to award damages for, any alleged physical, emotional/psychological, or economic harm. Permitting such evidence in this case would be greatly prejudicial to Defendants since Plaintiff declined to provide any evidence on the issue of actual damages in discovery. (*See* Ex. C: Pl.'s Ans. to Starter Home Interrog. Nos. 4 &. 11; Pl.'s Resp. to Starter Home Request for Prod. of Doc. Nos. 7 & 11.)

Therefore, Defendants respectfully ask that evidence of any physical, emotional/psychological, or economic injury be excluded and that Plaintiff be limited to claims for statutory damages.

### III. EVIDENCE OF SETTLEMENT DISCUSSIONS BETWEEN THE PARTIES SHOULD BE EXCLUDED.

Both prior to the filing of this suit and since, the parties have engaged in settlement discussions, including a mediation with the United States Magistrate Judge. Evidence of these discussions (including statements made in connection with those discussions) should be excluded under Federal Rule of Evidence 408. Under Rule 408(a), "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim" is inadmissible as is

"conduct or a statement made during compromise negotiations about the claim[.]"

While certain exceptions to this rule of inadmissibility exist, none of these exceptions applies here. *See* Fed. R. Evid. 408(b) ("The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."). Therefore, evidence of the parties' settlement negotiations and the oral and written statements made during those negotiations should be excluded.

## IV. EVIDENCE RELATED TO JOE DELFGAUW'S REAL ESTATE LICENSES SHOULD BE EXCLUDED.

Though Joe Delfgauw is the president/CEO of the defendant entities and may testify at trial, he is not a named party to the case. He previously held a real estate broker's license as well as a real estate salesperson's license in the State of Michigan. As Mr. Delfgauw explained in his deposition in this case, his real estate sales license expired, and he has not sought to have it reinstated. (*See* Ex. D: Joe Delfgauw Dep. 143:2-144:16.) He did seek to have his broker's license reinstated, and that decision was denied by the licensing authorities in Michigan. That denial was related his having pleaded guilty in federal court

9

in 2018 to one count of financial institution fraud in violation of 18 U.S.C. § 1344.[3]

Evidence related to Mr. Delfgauw's real estate licenses is irrelevant to the issues in this case, and thus evidence on this point fails the basic test for admissibility. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); *see also* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

Even assuming this evidence were relevant, it should be precluded under Rule 403 because "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time[.]" Fed. R. Evid. 403. Exploring at trial the reasons Mr. Delfgauw does not currently hold a Michigan real estate license would confuse the jury about an (at best) tangential issue and result in a dilatory mini-trial on the reasons for a state authority's licensing decision. Thus, evidence on this issue should be excluded.

---

[3] Mr. Delfgauw paid in full the ordered restitution of $77,000, and the District Court terminated his supervised release early, finding in the process that he had been fully compliant with all conditions of his supervised release. *See USA v. Delfgauw*, Case No. 2:18-cr-20030-DML-DRG, D.E. #27 (E.D. Mich. June 4, 2020).

## V. PLAINTIFF SHOULD BE PRECLUDED FROM ARGUING TO THE JURY THAT IT SHOULD "SEND A MESSAGE," AND THE PLAINTIFF SHOULD BE FURTHER PROHIBITED FROM MAKING GOLDEN RULE ARGUMENTS.

It is well established that a party may not engage in any arguments to the effect that the jury should use its verdict to "send a message" and further may not engage in similar such appeals that play upon bias or prejudice. *See, e.g., United States v. Runyon*, 707 F.3d 475, 514-15 (4th Cir. 2013); *Sinisterra v. United States*, 600 F.3d 900, 910 (8th Cir. 2010) ("[T]elling the jury to act as the conscience of the community[] and asking the jury to send a message with its verdict . . . impinge[s] upon the jury's duty to make an individualized determination[.]"). This bar applies in civil and criminal cases alike.[4] *See Vanskike v. Acf Indus.*, 665 F.2d 188, 210 (8th Cir. 1981) ("[J]uries cannot be told directly or in effect that they may consider punishment or deterrence as an element of damages and include a sum of money in their verdict so as to punish the defendant or deter others from like conduct[.]") (quoting *Smith v. Courter*, 531 S.W.2d 743, 746-47 (Mo. 1976)); *Slappy v. City of Detroit*, Case No. 19-10171, 2021 U.S. Dist. LEXIS 131929, at *17-18, 2021 WL 2986284 (E.D. Mich. July 15, 2021) (quoting *Strickland v. Owens Corning*, 142 F.3d 353,

---

[4] An argument to "send a message" may be appropriate where punitive damages are at issue, but they are not in this case given Plaintiff's lack of a claim for punitive damages.

11

358 (6th Cir. 1998)) ("send a message" arguments "'can have no appeal other than to prejudice' and amount to an 'improper distraction from the jury's sworn duty to reach a fair, honest and just verdict.'").

Plaintiff should also be barred from making any Golden Rule arguments—that is, asking jurors to place themselves in the place of the plaintiff when deciding the case. *Leathers v. General Motors Corp.*, 546 F.2d 1083, 1085-86 (4th Cir. 1976) (having "no hesitation in condemning" a plaintiff's use of Golden Rule argument). "Golden Rule arguments are prohibited." *Kisner v. State Farm Fire & Cas. Co.*, No. 5:19-CV-194, 2020 U.S. Dist. LEXIS 222387, at *2 (N.D. W. Va. Oct. 28, 2020); *see Slappy*, 2021 U.S. Dist. LEXIS 131929, at *18 (citing *United States v. Hall*, 979 F.3d 1107, 1119 (6th Cir. 2020) ("'Golden Rule' arguments are universally recognized as improper.").

Therefore, Defendants respectfully ask that the Plaintiff be barred from asking the jury to "send a message" to the Defendants or others and from making similar appeals to the jury and that the Plaintiff be barred as well from making any Golden Rule arguments to the jury.[5]

---

[5] Defendants recognize that the prohibition on "send a message" and Golden Rule arguments applies to them as well.

12

## CONCLUSION

For the foregoing reasons, the Starter Home Defendants respectfully ask that their motion *in limine* be granted.

Respectfully submitted, this the 18th day of January, 2023.

    /s/B. Tyler Brooks
B. Tyler Brooks (N.C. Bar No. 37604)
Attorney for Starter Homes Defendants
LAW OFFICE OF B. TYLER BROOKS, PLLC
P.O. Box 10767
Greensboro, North Carolina 27404
Telephone: (336) 707-8855
Fax: (336) 900-6535
Email: btb@btylerbrookslawyer.com

*Counsel for Defendants*

## CERTIFICATE OF WORD COUNT

The undersigned counsel certifies that the foregoing brief complies with Local Civil Rule 7.3(d) in that, according to the word count feature of his word processing software, it contains less than 6,250 words, excluding those parts that are allowed to be excluded by the Rule. According to the word count feature, this brief contains 2,705 words.

/s/B. Tyler Brooks
B. Tyler Brooks

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed with the Court's CM/ECF system on January 18, 2023, which will send an electronic copy to the plaintiff and that a copy was also served via email and First Class U.S. mail at the address below.

/s/B. Tyler Brooks
B. Tyler Brooks

**SERVED:**

Tammy McCrae-Coley
1400 Battleground Avenue
Suite 116-L
Greensboro, NC 27408
tammycoleyjd@gmail.com

*Pro se Plaintiff*