IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TAMMY MCCRAE-COLEY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STARTER HOMES PROGRAMS INC., ) <br> *et al.*, ) <br> ) <br>     Defendants. ) <br> _____ ) | Case No. 1:21-cv-666 |

**STARTER HOMES DEFENDANTS' OBJECTIONS
TO PLAINTIFF'S PRETRIAL DISCLOSURES**

Pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure and the Court's orders, Defendants Starter Programs Homes, Inc., d/b/a renttoownhomefinder.com and Lending Cloud Homes; Starter Home Investing, Inc., d/b/a renttoownhomefinder.com and Lending Cloud Homes; Xanadu Marketing, Inc., individually (assumed name Apex Page Builder), d/b/a cloudbasedpersonalloans.com and xanadutrucking.com; and Insurance-Reviewed.com (collectively hereinafter, "Starter Homes Defendants") hereby make the following objections to Plaintiff's pretrial disclosures:

1. **Objections to Plaintiff's Witness List**

    Defendants have no objection to Plaintiff's Witness List.

2. **Plaintiff's Deposition Designations**

    Defendants do not read Plaintiff's pretrial disclosures as making any deposition designations pursuant to Fed. R. Civ. P. 26(a)(3)(A)(ii).

Plaintiff, however, does list each of the three depositions taken in this case in her exhibit list (Exs. P-17, P-18, P-19). To the extent Plaintiff means such listing as a designation under Rule 26(a)(3)(A)(ii), Defendants object that it is unlikely the entirety of the three depositions would be relevant, admissible, and otherwise helpful to the jury. Such a gross designation places an undue burden on Defendants in that it requires them to assert objections to potentially innumerable pages of testimony that Plaintiff will never use, which is contrary to the meaning and spirit of the pretrial disclosure rules. Defendants therefore ask that the Court deem Plaintiff to have made no deposition designations. Nevertheless, Defendants incorporate by reference all objections asserted in the course of the listed depositions and expressly reserve the right to assert any and all objections based on relevance, under Fed. R. Evid. 402 or 403 as to any deposition testimony in whole or in part. Defendants further object to those parts of the deposition covering topics that are the subject of Defendants' pending motion *in limine* for the reasons stated in their brief supporting that motion. Finally, Defendants object to any deposition being included in the exhibits given to the jury for use during deliberations.

2

Case 1:21-cv-00666-CCE-JLW   Document 59   Filed 01/25/23   Page 2 of 19

3. **Objections to Plaintiff's Exhibit List**

Defendants hereby make the following objections to Plaintiff's exhibit list, reserving—per Fed. R. Civ. P. (a)(3)(B)—any and all objections to Plaintiff's exhibits under Federal Rule of Evidence 402 or 403 not expressly made here:

Ex. P-1: June 28, 2021 Email (including Bank Statements)

As stated more fully in their brief supporting their motion *in limine*, Defendants object to this exhibit under FRE 408 as statements made in relation to settlement discussions. Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time. Finally, Defendants object that it is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

Ex. P-2: IP Address

Plaintiff does not appear to have served a copy of this exhibit, and

Defendants are not clear as to what it refers. Assuming that it is an exhibit provided by Defendants in discovery, they reserve their objections under FRE 402 & 403. Defendants respectfully ask to reserve any further objections until the exhibit is provided or clearly identified.

Ex. P-3: Melissa.com Report

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded. The document also lacks foundation, is not authenticated (FRE 901), and constitutes inadmissible hearsay (FRE 802). Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time. Finally, Defendants object that it is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

Ex. P-4: Motion from Barton v. Delfgauw

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded. The document also lacks foundation, is not authenticated (FRE 901), and constitutes inadmissible hearsay (FRE 802). Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time. Finally, Defendants object that it is inadmissible character evidence (FRE 404), is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

Ex. P-5: Complaint in Barton v. Delfgauw

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded. The document also lacks foundation, is not authenticated (FRE 901), and constitutes inadmissible hearsay (FRE 802). Defendants further object based

5

on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts that in fairness ought to be considered at the same time. Finally, Defendants object that it is inadmissible character evidence (FRE 404), is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

Ex. P-6: Denial of Real Estate License Restoration

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded and should be excluded for the other reasons stated in that brief. The document also lacks foundation, is not authenticated (FRE 901), and constitutes inadmissible hearsay (FRE 802). Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time. Finally, Defendants object that it is impermissible character evidence (FRE

6

404), is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

Ex. P-7 & P-8: Opt-In and "Unexplained" Document:

Plaintiff does not appear to have served a copy of these exhibits, and Defendants are not clear as to what these designations refer. Assuming that these are exhibits provided by Defendants in discovery, they reserve their objections to under FRE 402 & 403. Defendants respectfully ask to reserve any further objections until these exact exhibits are provided or clearly identified.

Ex. P-9: BBB Information

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded. The document also lacks foundation, is not authenticated (FRE 901), and constitutes inadmissible hearsay (FRE 802). Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time. Finally,

7

Defendants object that it is inadmissible character evidence (FRE 404), is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

Ex. P-10 & P-11 (Deposition Notices):

Defendants object that this designation is unclear. Assuming, however, that the referenced exhibits are merely the deposition notices already served in this case, Defendants object only as to relevance.

Ex. P-12: Sentencing Memorandum

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded. The document also lacks foundation and constitutes hearsay (FRE 802). Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time. Finally, Defendants object that it is inadmissible character evidence (FRE 404), is irrelevant and overly prejudicial,

8

would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403). Defendants do not believe this document is encompassed within and made admissible by FRE 609 and thus object on that basis, but if it is deemed admissible, Defendants ask that the document be strictly limited to the uses permitted by FRE 609 should the pertinent witness testify. Defendants also expressly object to this exhibit being submitted to the jury for deliberations.

Ex. P-13: Criminal Judgment

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded. The document also lacks foundation and constitutes inadmissible hearsay (FRE 802). Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts that in fairness ought to be considered at the same time. Finally, Defendants object that it is inadmissible character evidence (FRE 404), is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue

9

delay and a wasting of time (FRE 402 & 403). Defendants respectfully ask that, to the extent made admissible, this document be strictly limited to the uses permitted by FRE 609 should the pertinent witness testify. Defendants also expressly object to this exhibit being submitted to the jury for deliberations.

Ex. P-14: Website Photos

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded. The document also lacks foundation, is not authenticated (FRE 901), and constitutes inadmissible hearsay (FRE 802). Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time. Finally, Defendants object that it is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

Ex. P-15: Beenverified.com Terms of Service

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded. The document also lacks foundation, is not authenticated (FRE 901), and constitutes inadmissible hearsay (FRE 802). Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time. Finally, Defendants object that it is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403)

Ex. P-16: May 21, 2021 Email from Winkler

As stated more fully in their brief supporting their motion *in limine*, Defendants object to this exhibit in FRE 408 as statements made in relation to settlement discussions. Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or

11

information that in fairness ought to be considered at the same time. Finally, Defendants object that it is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

Exs. P-17, P-18 & P-19: Depositions

Defendants object to the use of any deposition for a purpose not expressly permitted by the Federal Rules of Evidence and Civil Procedure. In particular, Defendants object to Plaintiff submitting her own deposition at trial, as it would constitute inadmissible hearsay (FRE 802). Defendants further object to any part of a deposition that covers matters subject to Defendants' pending motion *in limine*. Defendants also object to any deposition transcript being submitted to the jury during its deliberations.

Ex. P-20: Internal DNC Policy

Plaintiff does not appear to have served a copy of this exhibit, and Defendants are not clear as to what it refers. Assuming, that it is an exhibit provided by Defendants in discovery, they reserve their objections to under FRE 402 & 403. Defendants respectfully ask

12

to reserve any further objections until the exhibit is provided or clearly identified.

Ex. P-21: Plaintiff's Second Amended Complaint

Defendants object that Plaintiff's use of her own pleadings at trial constitutes inadmissible hearsay (FRE 802). Defendants further object based on the Rule of Completeness (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time, including their own pleadings, if necessary. Finally, Defendants object that it is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

Ex. P-22: Starter Homes Defendants' Discovery Responses

Defendants do not object to Ex. P-22, except to the extent that any subject matter therein may be covered by Defendants' pending motion *in limine* or another objection made herein.

Ex. P-23: Plaintiff's Discovery Responses

Defendants object that Plaintiff's use of her own discovery responses at trial constitutes inadmissible hearsay (FRE 802).

13

Defendants further object based on the Rule of Completeness (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time. Finally, Defendants object that it is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

Ex. P-24: Timeline Letter

Plaintiff does not appear to have served a copy of this exhibit, and Defendants are not clear as to what it refers. Assuming that it is an exhibit provided by Defendants in discovery, they reserve their objections to under FRE 402 & 403. Defendants respectfully ask to reserve any further objections until the exhibit is provided or clearly identified.

Ex. P-25: ApexPageBuilder.com Video

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded. The document also lacks foundation, is not authenticated (FRE 901), and constitutes hearsay (FRE 802), particularly as to any narrative by Plaintiff

14

contained therein or other alterations made to the video by Plaintiff. Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time. Finally, Defendants object that it is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

Ex. P-26: Renttownhomefinders.com Video

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded. The document also lacks foundation, is not authenticated (FRE 901), and constitutes hearsay (FRE 802), particularly as to any narrative by Plaintiff contained therein or other alterations made to the video by Plaintiff. Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness

15

ought to be considered at the same time. Finally, Defendants object that it is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

Ex. P-27: Mommiesavingsclub.com Recording

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded. The document also lacks foundation, is not authenticated (FRE 901), and constitutes hearsay (FRE 802), particularly as to any narrative by Plaintiff contained therein or other alterations made to the video by Plaintiff. Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time. Finally, Defendants object that it is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

16

<u>Ex. P-28: Facebook Video</u>

As stated more fully in their brief supporting their motion *in limine*, Defendants object that this exhibit was not timely disclosed and should therefore be excluded. The document also lacks foundation, is not authenticated (FRE 901), and constitutes hearsay (FRE 802), particularly as to any narrative by Plaintiff contained therein or other alterations made to the video by Plaintiff. Defendants further object based on the Rule of Completeness, as it does not appear all relevant information is provided (FRE 106). If the document is admitted, Defendants ask to be allowed to submit other parts or information that in fairness ought to be considered at the same time. Finally, Defendants object that it is irrelevant and overly prejudicial, would be confusing and misleading to the jury, and would result in undue delay and a wasting of time (FRE 402 & 403).

By communication sent contemporaneously with this filing, Defendants are seeking to confer with Plaintiff to determine if any of the parties' objections can be resolved amicably without the intervention of the Court.

17

Case 1:21-cv-00666-CCE-JLW   Document 59   Filed 01/25/23   Page 17 of 19

Respectfully submitted, this the 25th day of January, 2023.

    /s/B. Tyler Brooks
B. Tyler Brooks (N.C. Bar No. 37604)
Attorney for Starter Homes Defendants
LAW OFFICE OF B. TYLER BROOKS, PLLC
P.O. Box 10767
Greensboro, North Carolina 27404
Telephone: (336) 707-8855
Fax: (336) 900-6535
Email: btb@btylerbrookslawyer.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served by email and First-Class U.S. mail on January 25, 2023.

/s/B. Tyler Brooks
B. Tyler Brooks

**SERVED:**

Tammy McCrae-Coley
1400 Battleground Avenue
Suite 116-L
Greensboro, NC 27408
tammycoleyjd@gmail.com

*Pro se Plaintiff*