IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TAMMY MCCRAE-COLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-666 |
| | ) | |
| STARTER HOMES PROGRAMS INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**STARTER HOMES DEFENDANTS'
PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's orders, Defendants Starter Programs Homes, Inc., d/b/a renttoownhomefinder.com and Lending Cloud Homes; Starter Home Investing, Inc., d/b/a renttoownhomefinder.com and Lending Cloud Homes; Xanadu Marketing, Inc., individually (assumed name Apex Page Builder), d/b/a cloudbasedpersonalloans.com and xanadutrucking.com; and Insurance-Reviewed.com (collectively hereinafter, "Starter Homes Defendants") hereby make the following requests for jury instructions and respectfully ask that the jury be charged in substantially the following terms as to the issues and related matters:[1]

---

[1] The inclusion of a request below is not intended as a concession by Defendants that any claim made by Plaintiff should be submitted to the jury. Defendants expressly reserve the right to challenge the sufficiency of evidence supporting each of Plaintiff's causes of action.

## Defendants' Request No. 1:
## Parties of Equal Standing

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law and are to be treated as equals.

<u>Authority</u>: Kevin F. O'Malley, Jay E. Grenig, and William C. Lee, Federal Jury Practice and Instructions § 103:12 (6th ed. 2011) [hereinafter "O'Malley-Sixth"].

## Defendants' Request No. 2:
## Party as a Witness

In determining the weight to be given testimony you may take into account the person's interest in the outcome, any bias or prejudice that the person may have, and the reasonableness of the person's testimony considered in the light of all the evidence in the case.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected the witness's testimony.

Authority: Adapted from *Illinois Pattern Jury Instructions, Civil*, § 2.01, and 4-71 Modern Federal Jury Instructions-Civil, ¶ 76.03 (Matthew Bender) [Instruction 76-3].

3

## Defendants' Request No. 3:
## Impeachment – Inconsistent Statement

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the present testimony of the witness.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

<u>Authority</u>: O'Malley-Sixth, § 105:04 (modified).

4

## Defendants' Request No. 4:
## All Available Witnesses or Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

<u>Authority</u>: O'Malley-Sixth, § 105:11.

5

**<u>Defendants' Request No. 5:</u>**
**<u>Elements of TCPA Claim</u>**
**(Automatic Dialer Provision)**

For Plaintiff to prevail on a Telephone Consumer Protection Act claim based on unconsented to contact by means of an automatic telephone dialing system, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. that Plaintiff is the account holder or customary user of cell phone number *[specific phone number of plaintiff]*;

2. that Defendant or Defendants used an "automatic telephone dialing system," to text Plaintiff's cell phone. An automatic telephone dialing system must have the present capacity "(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers;" and

3. that Defendant or Defendants did not have Plaintiff's prior express consent to text Plaintiff's cell phone.

You, the jury, must decide whether Defendant or Defendants used a system that has the present capacity to perform the function of an automatic telephone dialing system to text Plaintiff's cell phone, and whether Defendant(s) had prior express consent to text Plaintiff. If you find that Defendant(s) used an automatic telephone dialing system to text Plaintiff's cell

6

phone without Plaintiff's consent, then you must find in favor of Plaintiff on this claim.

If you find that Defendant(s) did not use an automatic telephone dialing system or if Defendant(s) had consent to text Plaintiff's cell phone, then you must find in favor of Defendant(s) on this claim.

<u>Authority</u>: 15A Fed. Proc. Forms § 62:423.70 (modified); 47 U.S.C. § 227(b).

Case 1:21-cv-00666-CCE-JLW   Document 60   Filed 01/30/23   Page 7 of 33

## Defendants' Request No. 6:
## Elements of TCPA Claim
## ("Do Not Call" List Provision)

Plaintiff also brings claims for violation of the National Do Not Call Registry. The National Do Not Call Registry was created by the federal government to give consumers a choice about whether to receive telemarketing calls at home. It allows a consumer to register a telephone number on the National Do Not Call Registry to avoid receiving telemarketing calls and text messages.

Federal law provides that no person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. Such do-not-call registrations must be honored indefinitely, or until the telephone number is cancelled by the consumer or removed by the government database administrator. Wireless customers are protected too, so long as the cell phone is primarily used for residential and not business purposes.

Under the law, a person whose residential number is on the National Do Not Call Registry and who receives at least two telephone calls or texts within any 12-month period by or on behalf of the same entity may bring an action to receive up to $500 for each violation. Plaintiff contends that she had her residential number on the National Do Not Call Registry and that she received

8

at least two calls or texts within a 12-month period from Defendant or Defendants. Defendants contend that Plaintiffs' evidence is insufficient to prove that her number was on the Do Not Call Registry at the relevant time and/or to prove that the number was residential.

To prevail on this claim, Plaintiff must prove by a preponderance of the evidence each of the following:

1. that she received at least two telephone solicitations in any 12-month period;

2. that the number called was a residential number;

3. that the calls or texts were made by or on behalf of Defendants; and

4. that the calls or texts were made when her telephone number was on the National Do Not Call Registry for over thirty days.

If you find that Plaintiff has established each of the above elements by a preponderance of the evidence, then you must find in favor Plaintiff on this claim. If you find cannot find for Plaintiff on each of the above elements, then you must find in favor of Defendant(s) on this claim.

<u>Authority</u>: 47 U.S.C. § 227(c); *Krakauer v. Dish Network, Inc.*, Case No. 1:14-cv-00333-CCE-JEP, D.E. #293 (M.D.N.C. Jan. 19, 2017).

## Defendants' Request No. 7:
## Affirmative Defense to TCPA "Do Not Call" List Claims

Even if you have found by a preponderance of the evidence that Defendant or Defendants violated the TCPA's restriction on calls to the "Do Not Call" List, Defendant(s) are not liable to Plaintiff if they can prove by a preponderance of the evidence that any such violation was the result of an error or mistake and that, as part of their routine business practice, Defendant(s) meet the following standards:

1. Defendant(s) have established and implemented written procedures to comply with the national do-not-call rules;

2. Defendant(s) have trained their personnel, and any entity assisting in compliance, in procedures established pursuant to the national do-not-call rules;

3. Defendant(s) maintained and recorded a list of telephone numbers that the seller may not contact;

4. Defendant(s) use a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules, employing a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made, and maintain records documenting this process.

If the Defendant(s) have proven all of the above by a preponderance of the evidence, then they have established an affirmative defense to violation of the TCPA and are not liable to Plaintiff for violation of the restrictions regarding the "Do Not Call" List.

Authority: 47 CFR § 64.1200(c)(2)(i).

## **Defendants' Request No. 8:**
## **Damages for TCPA Claims**

If you find by a preponderance of the evidence that Defendant violated the Telephone Consumer Protection Act (TCPA) and further find that Defendants have not proven their affirmative defense by a preponderance of the evidence, then you must award statutory damages in an amount not to exceed $500 per call. If you find that Defendant willfully or knowingly violated the TCPA, then you may, in your discretion, increase the amount of the award up to $1,500 for each violation.

Authority: 15A Fed. Proc. Forms § 62:423.90 (modified); 47 U.S.C. § 227(b)(3); 47 U.S.C. § 227(c)(5).

12

## Defendants' Request No. 9:
## No Duplication of Award Permitted Under the TCPA

If you find by a preponderance of the evidence that a particular call or text message from a Defendant or Defendants violated more than one provision of the Telephone Consumer Protection Act ("TCPA") you may only award damages for that call or text message *once* under the TCPA. For example, you may not award damages because a particular call or text violated the TCPA's restrictions on automatic dialing and then award damages again because it also violated the TCPA's restrictions on the "Do Not Call" List.

Authority: *Carter v. Rogers*, 805 F.2d 1153, 1156-57 (4th Cir. 1986); *see also Hysell v. Iowa Public Serv. Co.*, 559 F.2d 468, 473 (8th Cir. 1977) ("Duplication of recovery by compensating a single injury under two different names is, of course, to be avoided.").

13

**Defendants' Request No. 10:**
**Elements of Claim Under North Carolina's**
**"Do Not Call" List Statute (N.C. Gen. Stat. § 75-102)**

North Carolina state law also restricts telephone solicitations to numbers properly listed on an official Do Not Call Registry. For Plaintiff to prevail on a claim that State law protecting the Do Not Call Registry was violated, she must prove by a preponderance of the evidence each of the following:

1. That she is an individual who subscribes to a residential telephone service from a local exchange company, a competing local provider certified to do business in North Carolina, or a wireless telephone company;

2. That her telephone number appears in the latest edition of the "Do Not Call" Registry, meaning the National Do Not Call List or a list maintained by the North Carolina Attorney General;

3. That Defendant or Defendants made a telephone solicitation to Plaintiff using her telephone number after it was listed on a Do Not Call Registry; and that

4. Defendant(s) did not have Plaintiff's prior express invitation or permission to contact her on her telephone number and that

14

Defendants and Plaintiff did not have an established business relationship.

To prove this claim, Plaintiff must prove each of the above elements by preponderance of the evidence. If the Plaintiff does not prove each of these elements by a preponderance of the evidence, then you must find for the Defendant(s) on this claim.

<u>Authority</u>: N.C. Gen. Stat. § 75-102.

## Defendants' Request No. 11:
## Elements of Claim Under North Carolina's
## Automatic Dialer Statute (N.C. Gen. Stat. § 75-104(a))

For Plaintiff to prevail on a claim under North Carolina state law based on unconsented to contact by means of an automatic telephone dialing system, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. that Plaintiff is an individual who subscribes to a residential telephone service from a local exchange company, a competing local provider certified to do business in North Carolina, or a wireless telephone company;

2. that Defendant or Defendants used an "automatic dialing and recorded message player" to make an unsolicited telephone call or text to Plaintiff's cell phone number. Under State law, an automatic dialing and recorded message player is defined as any automatic equipment that incorporates a storage capability of telephone numbers to be called or a random or a sequential number generator capable of producing numbers to be called that, working alone or in conjunction with other equipment, disseminates a prerecorded message to the telephone number called; and

3. that Defendant or Defendants did not have Plaintiff's prior express consent to call or text Plaintiff's cell phone.

16

You, the jury, must decide whether Defendant or Defendants used a system that has the present capacity to perform the function of automatic dialing and recorded message player to call or text Plaintiff's cell phone, and whether Defendant(s) had prior express consent to call Plaintiff. If you find that Defendant(s) used an automatic dialing and recorded message player to call or text Plaintiff's cell phone, without Plaintiff's consent, then you must find in favor of Plaintiff on this claim.

If you find that Defendant(s) did not use an automatic dialing and recorded message player, without Plaintiff's consent or if Defendant(s) had consent to call or text Plaintiff's cell phone, then you must find in favor of Defendant(s) on this claim.

<u>Authority</u>: N.C. Gen. Stat. § 75-104(a); N.C. Gen. Stat. § 75-101(2), (11).

17

### Defendants' Request No. 12:
### Defense to Claims Under North Carolina's "Do Not Call"
### List and Automatic Dialer Statute Claims

Under North Carolina law, telephone solicitors are in compliance with State law and not liable to Plaintiff if they have done all of the following:

1. Implemented systems and written procedures to prevent further telephone solicitations to any telephone subscriber who has asked not to be called again at a specific number or numbers or whose telephone number appears in the "Do Not Call" Registry;

2. Trained, monitored, and enforced compliance by its employees and its independent contractors in those systems and procedures;

3. Ensured that lists of telephone numbers that may not be contacted by the telephone solicitor are maintained and recorded;

4. Complied with the time requirements set by federal law for incorporating and complying with updated versions of the "Do Not Call" Registry; and

5. Made the contact for which the Plaintiff sues as a result of a mistake.

Defendants have the burden of proving compliance with this provision by a preponderance of the evidence. If the Defendant(s) have proved all of the above by a preponderance of the evidence, then they have established an affirmative defense to violation of the North Carolina telemarketing law and are not liable to Plaintiff.

18

Authority: N.C. Gen. Stat. § 75-102(d); N.C. Gen. Stat. § 75-105(c).

## Defendants' Request No. 13:
## Damages Under North Carolina Law

If you find by a preponderance of the evidence that Defendant or Defendants violated State law regarding the "Do Not Call" List (N.C. Gen. Stat. § 75-102) or North Carolina's Automatic Dialer Statute (N.C. Gen. Stat. § 75-104(a)) and further find that Defendants have not proven their affirmative defense by a preponderance of the evidence, then you must award damages as follows: five hundred dollars ($500.00) for the first violation, one thousand dollars ($1,000) for the second violation, and five thousand dollars ($5,000) for the third and any other violation that occurs within two years of the first violation.

Authority: N.C. Gen. Stat. § 75-105(b).

**<u>Defendants' Request No. 14:</u>**
**<u>No Duplication of Award Under North Carolina's</u>**
**<u>"Do Not Call" List and Automatic Dialer Statutes</u>**

If you find by a preponderance of the evidence that a particular call or text message from a Defendant or Defendants violated both North Carolina's statute regarding the "Do Not Call" List (N.C. Gen. Stat. § 75-102) and North Carolina's Automatic Dialer Statute (N.C. Gen. Stat. § 75-104(a)), you may only award damages for that call or text message *once* under these statutes. For example, you may not award damages because a particular call or text message violated State law restrictions on automatic dialing and then award damages again because it also violated State law restrictions on the "Do Not Call" List.

<u>Authority</u>: *See Markham v. Nationwide Mutual Fire Ins. Co.*, 125 N.C. App. 443, 455, 481 S.E.2d 349, 357, *disc. review denied*, 346 N.C. 281, 487 S.E.2d 551 (1997); *see also Holland v. Southern Public Utilities Co.*, 208 N.C. 289, 292, 180 S.E. 592, 594 (1935).

Case 1:21-cv-00666-CCE-JLW   Document 60   Filed 01/30/23   Page 21 of 33

**Defendants Request No. 15:**
**Consent Defeats TCPA and State Law Claims**

Remember that Defendant(s) cannot be liable to Plaintiff under the Telephone Consumer Protection Act (TCPA), North Carolina's statute regarding its "Do Not Call" List (N.C. Gen. Stat. § 75-102), or North Carolina's Automatic Dialer Statute (N.C. Gen. Stat. § 75-104(a)), for any telephone call or text message that was made with Plaintiff's prior express invitation or permission. That is, if Plaintiff consented in advance to receiving the call or text message, then Defendant(s) are not liable for contacting her.

<u>Authority</u>: 47 U.S.C. § 227(b)(1)(A); 47 CFR § 64.1200(c)(2)(i); N.C. Gen. Stat. § 75-102(a)(1); N.C. Gen. Stat. § 75-105(c).

Finally, Plaintiff asserts a claim under the North Carolina Unfair and Deceptive Trade Practices Act. For this claim to be decided, you must answer several issues presented to you on the verdict form.

The first issue reads:

"Did the Defendant or Defendants do (at least one of) the following:

[*insert Plaintiff's contentions*]?]

On this issue the burden of proof is on the Plaintiff. This means that the Plaintiff must prove, by the greater weight of the evidence, that the Defendant or Defendants did (at least one of) the act(s) as contended by the Plaintiff. In this case the Plaintiff contends, and the Defendants deny, that the Defendants:

[*Insert Plaintiff's contentions.*]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant did (at least one of) the act(s) contended by the plaintiff, then you would answer "Yes" in the space beside each act so found. If, on the other hand, you fail to so find, then you would answer "No" in the spaces provided.

The second issue reads:

>"Was the Defendant's or Defendants' conduct in commerce or did it affect commerce?"

You will answer this issue only if you have found in the Plaintiff's favor on the preceding issue. On this issue the burden of proof is on the Plaintiff. This means that the Plaintiff must prove, by the greater weight of the evidence, that the Defendant's or Defendants' conduct was either "in commerce" or that it affected commerce." Conduct is "in commerce" when it involves a business activity. Conduct "affects commerce" whenever a business activity is adversely and substantially affected.

A "business activity" is the way a business conducts its regular, day-to-day activities or affairs (such as the purchase and sale of goods), or whatever other activities the business regularly engages in and for which it is organized. Finally, as to this issue on which the Plaintiff has the burden of proof, if you find by the greater weight of the evidence that the Defendant's or Defendants' conduct was "in commerce" or that it "affected commerce," then it would be your duty to answer this issue "Yes" in favor of the Plaintiff.

If, on the other hand, you fail to so find then it would be your duty to answer this issue "No" in favor of the Defendant(s).

The third issue reads:

>"Was the defendant's or Defendants' conduct a proximate cause of the

24

Plaintiff's injury?"

You will answer this issue only if you have found in the Plaintiff's favor on the preceding two issues. On this issue the burden of proof is on the Plaintiff. This means that the Plaintiff must prove, by the greater weight of the evidence, two things:

> First, that the Plaintiff has suffered injury, and
>
> Second, that the defendant's or Defendants' conduct was a proximate cause of the Plaintiff's injury.

Proximate cause is a cause which in a natural and continuous sequence produces the injury and is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result. There may be more than one proximate cause of an injury. Therefore, the Plaintiff need not prove that the Defendants' conduct was the sole proximate cause of the Plaintiff's injury. The Plaintiff must prove, by the greater weight of the evidence, only that the Defendant's or Defendants' conduct was a proximate cause.

For a representation to be a proximate cause of injury or damage in an unfair trade practice case, you, the jury, must find that the Plaintiff "actually relied" on the representation. Therefore, if you have answered "yes," to [*Plaintiff's special interrogatory*], then in order to establish that the

25

Defendant's or Defendants' conduct was the proximate cause of the Plaintiff's injury, the Plaintiff must show (1) that she actually relied on the representation made by the Defendant(s) and (2) that the Plaintiff's reliance was reasonable.

"Actual reliance" requires that the Plaintiff affirmatively incorporated the alleged misrepresentation into her decision-making process; that is, if it were not for the misrepresentation, the Plaintiff would likely have avoided the injury altogether. The Plaintiff's reliance would be reasonable if, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care for his or her own interests, would have relied on the misrepresentation.

Finally, as to this issue on which the Plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the Plaintiff has suffered an injury, and that the Defendant's or Defendants' conduct proximately caused the Plaintiff's injury, then it would be your duty to answer this issue "Yes" in favor of the plaintiff. If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the Defendants.

The fourth issue reads:

"In what amount has the Plaintiff been injured?"

If you have answered all the preceding issues "Yes" in favor of the Plaintiff, the Plaintiff is entitled to recover nominal damages even without

26

proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage caused by the wrongful conduct of the defendant.

The Plaintiff may also be entitled to recover actual damages. The Plaintiff has the burden of proving the amount of actual damages. This means that the Plaintiff must prove, by the greater weight of the evidence, the amount of actual damages, if any, sustained as a result of her injury. The Plaintiff's damages are to be reasonably determined from the evidence presented in the case. The Plaintiff is not required to prove with mathematical certainty the extent of her injury in order to recover damages. Thus, the Plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. An award of damages must be based on evidence which shows the amount of the Plaintiff's damages with reasonable certainty. However, you may not award any damages based upon mere speculation or conjecture.

Finally, as to this issue on which the Plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of actual damages sustained by the Plaintiff by reason of her injury, then it would be your duty to write that amount in the blank space provided. If, on the other hand, you

27

fail to so find, then it would be your duty to write a nominal sum such as "One Dollar" in the blank space provided.

<u>Authority</u>: N.C. Pattern Jury Inst. – Civ. 813.05 (modified).

28

**<u>Defendants' Request No. 17:</u>**
**<u>Plaintiff's Duty to Mitigate Damages</u>**

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of such injuries and to effect a recovery from such injuries. If you should find that Plaintiff failed to seek out or take advantage of an opportunity to reduce her damages that was reasonably available to her under all the circumstances shown by the evidence, then you, the jury, should reduce the amount of the Plaintiff's damages by the amount Plaintiff could have reasonably realized if Plaintiff had taken advantage of such opportunity.

<u>Authority</u>: O'Malley-Sixth, 155.54 (modified).

29

**Defendants Request No. 18:**
**Effect of Instruction as to Damages**

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

<u>Authority</u>: O'Malley-Sixth, § 106.02.

30

## Defendants Request No. 19:
## Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Authority: 4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.10 (Matthew Bender) [Instruction 71-10].

31

WHEREFORE, Defendants respectfully request the above special instructions; ask leave to modify their requests, including by making additional requests, as may be necessary in light of the proof adduced at trial and the rulings of the Court; and further ask for such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the <u>30th</u> day of January, 2023.

<div style="margin-left: 40%;">

<u>/s/B. Tyler Brooks</u>
B. Tyler Brooks (N.C. Bar No. 37604)
Attorney for Starter Homes Defendants
LAW OFFICE OF B. TYLER BROOKS, PLLC
P.O. Box 10767
Greensboro, North Carolina 27404
Telephone: (336) 707-8855
Fax: (336) 900-6535
Email: btb@btylerbrookslawyer.com

*Counsel for Defendants*

</div>

32

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served by email upon Plaintiff and via CM/ECF on January 30, 2023.

<u>/s/B. Tyler Brooks</u>
B. Tyler Brooks


**SERVED:**

Tammy McCrae-Coley
1400 Battleground Avenue
Suite 116-L
Greensboro, NC 27408
tammycoleyjd@gmail.com

*Pro se Plaintiff*