IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TAMMY MCCRAE-COLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-666 |
| | ) | **Plaintiff's Proposed Jury** |
| | ) | **Instructions** |
| STARTER HOMES PROGRAMS INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

1

Members of the Jury:

Its my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

2

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter. To decide whether you believe any witness, I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

In this case, the Plaintiff TAMMY MCRAE-COLEY has the responsibility to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find against the party making that claim.

5

In this case, the Plaintiff, Tammy McCrae-Coley seeks statutory damages against the Defendants STARTER HOME PROGRAMS INC. Dba RentToOwnHomefinders.com, STARTER HOME INVESTING INC. Dba RentToOwnHomefinders.com,

STARTER HOME PROGRAMS INC. dba LendingCloudHomes.com,

STARTER HOME INVESTING INC. dba LendingCloudHomes.com, XANADU MARKETING, INC individually (Assumed Name APEX PAGE BUILDER), and dba CloudBasedPersonalLoans.com, XanaduTacking.com and INSURANCE-REVIEWED.COM for alleged violations of the federal statute entitled the Telephone Consumer Protection Act, (commonly referred to as the "TCPA"), and violations of the North Carolina State Statute entitled the North Carolina Telephone Solicitation Act all of which arise out of the Defendants' efforts to send solicitation text messages and phone calls to Plaintiff's cellular telephone number (XXX)-XXX- 3163.

The Defendant does not deny sending the soliciting text messages and telephone call to the Plaintiff's telephone number. The Plaintiff also asserts that the texts and call were made willfully or knowingly.

Plaintiff specifically claims that the Defendants violated the Federal TCPA by making telephone calls and sending text messages to her cellular telephone number without Plaintiff's "prior express consent" while the Plaintiff was registered on the Federal Do-Not-Call Registry database.

The TCPA provides in relevant part:

47 USC § 227(c)(3)(F) Use of database permitted

    **(F)** prohibit any <u>person</u> from making or transmitting a <u>telephone solicitation</u>

    to the telephone number of any subscriber included in such database;

The Plaintiff also claims that the Defendants violated the North Carolina telephone Solicitation Act by making telephone calls and/or text messages to her cellular telephone number without Plaintiff's "prior express.

The North Carolina Telephone Solicitation Act provided in relevant part:

**§ 75-102. Restrictions on telephone solicitations.**

    (a)    Except as provided in G.S. 75-103, no telephone solicitor shall make a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry.

    (b)    No telephone solicitor shall make a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber previously has communicated to the telephone solicitor a desire to receive no further telephone solicitations from the telephone solicitor to that number.

    (d)    Every telephone solicitor shall implement systems and written procedures to prevent further telephone solicitations to any telephone subscriber who has asked not to be called again at a specific number or numbers or whose telephone number appears in the "Do Not Call" Registry. Every telephone solicitor shall train, monitor, and enforce compliance by its employees and shall monitor and enforce compliance by its independent contractors in those systems and procedures. Every telephone solicitor shall ensure that lists of telephone numbers that may not be contacted by the telephone solicitor are maintained and recorded. Compliance with the time requirements within

the Telemarketing Sales Rule for incorporating and complying with updated versions of the "Do Not Call" Registry shall constitute compliance with North Carolina law.

(i) No telephone solicitor shall cause misleading information to be transmitted to users of caller identification technologies or otherwise block or misrepresent the origin of the telephone solicitation. No provider of telephone caller identification services shall be held liable for violations of this subsection committed by other individuals or entities. It is not a violation of this subsection for a telephone solicitor to utilize the name and number of the entity the solicitation is being made on behalf of rather than the name and number of the telephone solicitor.

Your first function in arriving at a verdict is to determine if the Defendants sent the text messages and the telephone call to the Plaintiff, Tammy McCrae-Coley.

After making that determination, you must next determine whether The Defendants willfully or knowingly violated the TCPA by making calls to Tammy McCrae-Coley's cellular telephone number with knowledge that the calls were being placed to her cellular telephone number especially after the Defendants were notified by the Plaintiff to stop the text messages and the call. Third, to determine if the Defendants were registered a Telephonic Sellers in North Carolina.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous - in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

You've been permitted to take notes during the trial. Most of you - perhaps all of you - have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. [Explain Verdict Form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to

me and I'll respond as promptly as possible either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## BURDEN OF PROOF

**Federal Law - TCPA**

**I. The Defendants has the burden** to prove that the Plaintiff has obtained the necessary prior express consent.

**§16CFR 310.4 (b)(1)(iii)(B)(1)**

**(B)** That person's telephone number is on the "do-not-call" registry, maintained by the Commission, of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services unless the seller or telemarketer:

*(1)* Can demonstrate that the seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature 664 of that person; or

**II. The Defendants has the Burden** to prove that the Plaintiff is not a residential subscriber.

Defendants may overcome the presumption by showing that plaintiffs use their cell phones to such an extent and in such a manner that the presumption is rebutted. That is, defendants may rebut the presumption and show that the cell phone is a business line. Consistent with the decisions of most district courts to have addressed the issue, in determining whether the presumption is rebutted, we will consider the following factors: (1) how plaintiffs hold their phone numbers out to the public; (2) whether plaintiffs' phones are registered with the telephone company as residential or business lines; (3) how much plaintiffs use their phones for business or employment; (4) who pays for the phone bills; and (5) other factors bearing on how a reasonable observer would view the phone line.

**State Law – North Carolina Telephone Solicitation Act**

I. **The Defendants has the burden to prove** that the Plaintiff provided permission to the Defendants for the text messages and calls.

> "**NCGS § 75-103. Limited exceptions.**-( e) In any **dispute** regarding whether a telephone subscriber has provided an express invitation or permission under subsection (a) of this section, the telephone **solicitor has the burden of proving** that the telephone subscriber has provided this permission by **producing the original** document, a facsimile document, or an electronic form, signed by the telephone subscriber, or other authentication that evidences permission. A

11

telephone **subscriber may subsequently retrac**t express invitation or permission by indicating a desire not to receive further telephone solicitations under"

II. **The Defendants has the burden to prove** that the Plaintiff telephone number is not a residential telephone number.

> **NCGS § 75-103** (11)   Telephone subscriber. - An individual who subscribes to a residential telephone service from a local exchange company, a competing local provider certified to do business in North Carolina, or a wireless telephone company; or the individuals living or residing with that individual.

## SECOND CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227(c) (Do Not Call)

**I.**   In the Second Cause of Action, Plaintiff, Tammy McCrae-Coley, claims the Defendants violated The TCPA 47 U.S.C. § 227(c)(3)(F), by transmitting Unsolicited advertisements by text messages and telephone call to the telephone number of the telephone subscriber Tammy McCrae-Coley while her telephone number was registered in the federal Do-No-Call registry database.

If a preponderance of the evidence supports the Plaintiff's claim as to the violations of 47 U.S.C. § 227(c)(3)(F) in the Second Cause of Action, then your verdict should be for the Plaintiff, Tammy McCrae-Coley.

If, however, a preponderance of the evidence does not support the Plaintiff's claim as to the violations of 47 U.S.C. § 227(c)(3)(F) in the Second Cause of Action, then your verdict should be for the Defendants.

47 USC § 227(c)(3)(F) USE OF DATABASE PERMITTED

**(F)** prohibit any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database;

47 USC § 227(a)(5)

The term "unsolicited advertisement" means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise.

**II.** If you find that the Defendants violated the TCPA 47 U.S.C. § 227(c)(3)(F), by transmitting Unsolicited advertisements by text messages and telephone call to the telephone number of the telephone subscriber Tammy McCrae-Coley, then you are to decide if these calls were made Willfully and Knowingly.

If a preponderance of the evidence supports the Plaintiff's claim as to the violations of 47 U.S.C. § 227(c)(3)(F) in the Second Cause of Action, then your verdict should be for the Plaintiff, Tammy McCrae-Coley.

If, however, a preponderance of the evidence does not support the Plaintiff's claim as to the violations of 47 U.S.C. § 227(c)(3)(F) in the Second Cause of Action, then your verdict should be for the Defendants.

## THIRD CAUSE OF ACTION

## Violations of N. C. Gen. Stat § 75-102 (Do Not Call)

In the third cause of action, Plaintiff, Tammy McCrae-Coley, claims the Defendants violated one or more sections of the North Carolina Telephone Solicitation Act **§ 75-102.** by making Unsolicited telephone call and Text messages **§ 75-101** to her cellular telephone number (XXX) XXX-3163 without her prior express consent.

If a preponderance of the evidence supports the Plaintiff's claim as to the violations of N. C. Gen. Stat § 75-102 in the Third Cause of Action, then your verdict should be for the Plaintiff, Tammy McCrae-Coley.

If, however, a preponderance of the evidence does not support the Plaintiff's claim as to the violations of N. C. Gen. Stat § 75-102 in the Third Case of Action, then your verdict should be for the Defendants.

**§ 75-101. Definitions.**

(12)   Unsolicited telephone call. - A voice or text communication, whether prerecorded, live, or a facsimile, over a telephone line or wireless telephone network or via a commercial mobile radio service that is made by a person to a telephone subscriber without prior express invitation or permission.

**§ 75-102. Restrictions on telephone solicitations.**

(a)   Except as provided in G.S. 75-103, no telephone solicitor shall make a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry.

(b)   No telephone solicitor shall make a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber previously has communicated to the telephone

14

solicitor a desire to receive no further telephone solicitations from the telephone solicitor to that number.

(d) Every telephone solicitor shall implement systems and written procedures to prevent further telephone solicitations to any telephone subscriber who has asked not to be called again at a specific number or numbers or whose telephone number appears in the "Do Not Call" Registry. Every telephone solicitor shall train, monitor, and enforce compliance by its employees and shall monitor and enforce compliance by its independent contractors in those systems and procedures. Every telephone solicitor shall ensure that lists of telephone numbers that may not be contacted by the telephone solicitor are maintained and recorded. Compliance with the time requirements within the Telemarketing Sales Rule for incorporating and complying with updated versions of the "Do Not Call" Registry shall constitute compliance with North Carolina law.

(i) No telephone solicitor shall cause misleading information to be transmitted to users of caller identification technologies or otherwise block or misrepresent the origin of the telephone solicitation. No provider of telephone caller identification services shall be held liable for violations of this subsection committed by other individuals or entities. It is not a violation of this subsection for a telephone solicitor to utilize the name and number of the entity the solicitation is being made on behalf of rather than the name and number of the telephone solicitor.

## FIFTH CAUSE OF ACTION

**Violations of N.C. Gen. Stat. § 66-261 (Registered Telephonic Seller)**

In the fifth cause of action, Plaintiff, Tammy McCrae-Coley, claims the Defendants violated N. C. Gen. Stat **§ 66-261.** This statute states that the Defendants were required to register as a North Carolina Telephonic Seller at least 10 days before the Defendants telemarket in North Carolina.

If a preponderance of the evidence supports the Plaintiff's claim as to the violations of N. C. Gen. Stat **§ 66-261** in the Third Cause of Action, then your verdict should be for the Plaintiff, Tammy McCrae-Coley.

If, however, a preponderance of the evidence does not support the Plaintiff's claim as to the violations of N. C. Gen. Stat **§ 66-261** in the Fifth Case of Action, then your verdict should be for the Defendants.

**§66-261. Registration of telephonic sellers.**

(a) Not less than 10 days before commencing telephone solicitations in this State, a telephonic

(b) seller shall register with the Secretary by filing the information required in G.S. 66-262 and paying a filing fee of one hundred dollars ($100.00). A telephonic seller is doing business in this State if it solicits or attempts to solicit prospective purchasers from locations in this State or solicits or attempts to solicit prospective purchasers who are located in this State.

## SIXTH CAUSE OF ACTION

### Violations of N.C. Gen. Stat.§ 75 -1.1 (UDTPA)

NCGS 266(a) states that it is an unfair and deceptive trade practice violation if one does not register as a North Carolina Telephonic Seller before the telemarketing calls or text.

16

In the Sixth Cause of Action, Plaintiff, Tammy McCrae-Coley, claims the Defendants violated NCGS § 66-261 by not registering as a Telephonic Seller in North Carolina. NCGS § 66-266(a) states that violating NCGS § 66-261 is an Unfair and Deceptive Trade Practice violation § 75-1.1.

**The Statue NCGS § 75-16 states that the penalty for an Unfair and Deceptive Trade Practice violation is Treble the damages awarded.**

If a preponderance of the evidence supports the Plaintiff's claim as to the violations of Stat § 75-1.1 in the Sixth Cause of Action, then your verdict should be for the Plaintiff.

If, however, a preponderance of the evidence does not support the Plaintiff's claim as to the violations of N. C. Gen. Stat § 75-1.1 in the Sixth Cause of Action, then your verdict should be for the Defendants.

§ 66-266. Penalties.

(a) Any violation of this Article shall constitute an unfair and deceptive trade practice in violation of G.S. 75-1.1.


§66-261. Registration of telephonic sellers.

(a) Not less than 10 days before commencing telephone solicitations in this State, a
(b) seller shall register with the Secretary by filing the information required in G.S. 66-262 and paying a filing fee of one hundred dollars ($100.00). A telephonic seller is doing business in this State if it solicits or attempts to solicit prospective purchasers from locations in this State or solicits or attempts to solicit prospective purchasers who are located in this State.

**§ 66-266. Penalties.**

(a) Any violation of this Article shall constitute an unfair and deceptive trade practice in violation of G.S. 75-1.1.

**§ 75-1.1**. **Methods of competition, acts and practices regulated; legislative policy**.

(a) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful. (Deceptive Trade Practices)

**§ 75-16. Civil action by person injured; treble damages.**

If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for **treble** the amount fixed by the verdict. (1913, c. 41, s. 14; C.S., s. 2574; 1969, c. 833; 1977, c. 707.)

Burden of Proof – Def's has burden of proof to rebut that I am not a residential subscriber.

Tammy McCrae-Coley
TammyColeyjd@gmail.com 1400
Battleground Ave.
Suite 116 – L
Greensboro, NC 27408
336-491-3163

## CERTIFICATE OF SERVICE

This is to certify that the undersigned Plaintiff has this day served the foregoing **Propose Jury Instructions** on STARTER HOME PROGRAMS INC. et. al. depositing a copy via regular mail, postage paid, addressed to the following:

This 30th day of January, 2023

B. Tyler Brooks
Law Office of B. Tyler Brooks, PLLC
P.O. Box 10767
Greensboro, North Carolina 27404
Main: (336) 564-6255
Cell: (336) 707-8855
Fax: (336) 900-6535
btb@btylerbrookslawyer.com

                                                      _/s/ Tammy McCrae-Coley/___
                                                      Tammy McCrae-Coley
                                                      TammyColeyjd@gmail.com 1400 Battleground Ave.
                                                      Suite 116 – L
                                                      Greensboro, NC 27408
                                                      336-491-3163