IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TAMMY MCCRAE-COLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-CV-666 |
| | ) | |
| STARTER HOMES PROGRAMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is set for trial beginning on March 6, 2023. The parties have filed motions *in limine*. The Court has considered the record, including all pleadings, motions, and briefs.

The defendants move to exclude exhibits identified by the plaintiff for the first time in her final pretrial disclosures. Doc. 53; Doc. 54 at 4–7. The plaintiff acknowledges that the listed evidence was all disclosed after the deadline but contends the exhibits are highly relevant and there is no prejudice. Doc. 57 at 2–5. At least some of the evidence appears inadmissible as hearsay or under Rule 403, assuming it could be authenticated. Otherwise, there would be unfair prejudice if these late-identified exhibits were admitted at trial as part of the plaintiff's case-in-chief. The plaintiff makes no argument in opposition to the remaining aspects of the defendants' motion. *See* Doc. 57.

The defendants' motion *in limine* will be granted, subject to reconsideration if Joseph Delfgauw testifies at trial for the defendant.

The plaintiff moves to exclude an exhibit identified by the defendant, identified as EX. No. SHD000046, because it was not provided in discovery. Doc. 55. The defendant agrees to withdraw this exhibit. Doc. 58 at 1. The plaintiff also moves to exclude testimony about this opt-in. Because the defendant did not disclose this purported opt-in during discovery despite interrogatories and document requests seeking the same, it would be unfairly prejudicial to the plaintiff to allow testimony about it. Testimony about this purported opt-in would also likely give rise to confusion and take up an unwarranted amount of trial time. Fed. R. Evid. 403. The plaintiff's motion is granted to this extent.

Upon consideration and in the Court's discretion, it is **ORDERED** that:

1. The defendants' motion *in limine*, Doc. 53, is **GRANTED** and
    a. Plaintiff's late-disclosed evidence will be excluded, specifically:
        i. A video file labeled with the date of May 21, 2021;
        ii. A video file identified as "ApexPageBuilder video;"
        iii. A copy of the complaint and a motion filed by a different plaintiff in a different federal civil action involving some of the defendants;
        iv. A copy of the terms of service for the website www.beenverified.com;
        v. A copy of the sentencing memorandum and criminal judgment in a case involving Joe Delfgauw as the defendant;

2

vi. A copy of the decision denying restoration of Joe Delfgauw's real estate license;

vii. A document purporting to be a copy of a Bank of America bank statement for Starter Home Investing, Inc.;

viii. A page from Melissa.com suggesting it was printed October 23, 2022;

ix. A video labeled "Renttoownhomefinder screen finder and Defs;"

x. Information printed from the internet concerning certain of the defendants from the Better Business Bureau;

xi. A PDF file of various photos labeled "Starter homes Renttownhomefinder stock photo;" and

xii. A video that appears to be a recording of a video on Facebook of part of a seminar being taught by Joseph Delfgauw.

b. The plaintiff is not precluded from cross-examining Joseph Delfgauw about the facts shown by those documents, to the extent allowed by Federal Rule of Evidence 608(b) and 609.

c. The plaintiff is precluded from offering evidence of special damages, including physical, psychological/emotional, and economic harm and is limited to evidence showing standing and to statutory damages;

3

d. Evidence of settlement discussion is excluded.

   e. Exhibits showing the status of Joseph Delfgauw's real estate licenses is excluded; and

   f. The plaintiff shall make no Golden Rule or "sending a message" arguments during closing statements.

   g. The Court will reconsider its ruling as to exhibits specific to Mr. Delfgauw if the defendants call Mr. Delfgauw as a witness and upon motion by the plaintiff made outside the presence of the jury.

2. The defendants withdraw the document identified as EX. No. SHD000046, from their exhibit list. With this withdrawal, this aspect of the plaintiff's motion *in limine*, Doc. 55, is **DENIED as moot**.

3. The plaintiff's motion *in limine*, Doc. 55, is otherwise **GRANTED** and the defendants are precluded from offering testimony about the purported third opt-in reflected in EX SHD000046.

This the 3rd day of February, 2023.

_____
UNITED STATES DISTRICT JUDGE